BOARD OF EDN. OF CANFIELD LOCAL SCHOOL DIST., APPELLEE,
*v.* OLENICK, AUDITOR OF MAHONING COUNTY, ET AL.; BD. OF
TAX APPEALS, APPELLANT.

[Cite as Bd. of Edn. v. Olenick (1976), 45 Ohio St. 2d 300.]

(No. 75-579—Decided March 24, 1976.)

*Means, Bichimer, Burkholder & Baker Co., L. P. A., Mr. John C. Burkholder* and *Mr. Nicholas A. Pittner,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Ronald B. Noga,* for appellant.

*Per Curiam.* County auditors are required to value, assess, and list land and structures within their county (R. C. 5713.01 and 5715.01), and to annually " * * * make out and transmit to the Board of Tax Appeals an abstract" which reflects that data. R. C. 5715.23.

Herein, the auditor valued, assessed, and listed the schoolhouse in the year of its completion, 1973, and so notified the Board of Tax Appeals.

The question presented is whether the auditor erred

by entering the schoolhouse upon the tax list and duplicate as taxable, rather than exempt, property.[4]

Canfield contends, in effect, that the December 4, 1970, order of the Board of Tax Appeals served to exempt *thereafter*[5] its land and the subsequently completed school house, and that the auditor's incluson of the structure on the non-exempt property list for 1973 was, therefore, erroneous.

Appellant, Board of Tax Appeals, contends "* * * that under the statutory provisions which govern the exemption of real property the school building could not be classified as exempt as of December 31, 1973, and that the Board of Tax Appeals properly included the value of that building in the certification it made to the Department of Education for the Canfield Local School District as of that date."

It is urged that pursuant to R. C. 3313.44, 5709.07 and 5713.07, the schoolhouse was being used for a tax exempt purpose during 1973 and that the auditor, therefore, should have listed the property as exempt. However, those statutes, and Section 2 of Article XII of the Ohio Constitution ("general laws may be passed to exempt * * * public schoolhouses" from taxation), are not self-executing. Although property is clearly exemptible, it may not be exempted until the Board of Tax Appeals consents thereto.

R. C. 5713.08 reads, as follows:

"The county auditor shall make a list of all real and personal property in his county, * * * which is exempted from taxation under Sections * * * 3313.44 * * * and 5709.-07 to 5709.18 of the Revised Code. Such list * * * shall be corrected annually by adding thereto the items of property which have been exempted during the year, and by striking therefrom the items which have lost their right of exemp-

---

[4]Canfield premises its case upon the following assertion:

"The chain of circumstances culminating in incorrect payment of school foundation monies to the Canfield Local School District began with the county auditor's erroneous inclusion of the value of *tax exempt* property in his abstract of *taxable* property." (Emphasis original.)

[5]See Canfield's November 23, 1970, application, *supra.*

tion and which have been reentered on the taxable list. No additions shall be made to such exempt lists nor additional items of property exempted under such sections without the consent of the Board of Tax Appeals, but when any personal property or endowment fund of an institution has once been held by the board to be properly exempt from taxation, it is not necessary to obtain the board's consent to the exemption of additional property or investments of the same kind belonging to the same institution, but such property shall appear on the abstract filed annually with the board. * * * The auditor shall follow the orders of the board given under this section * * *."

That section, R. C. 5713.08, vests the Board of Tax Appeals with exclusive authority to determine whether property is exempt from taxation (*State, ex rel. Methodist Book Concern,* v. *Guckenberger* [1937], 133 Ohio St. 27, 30), and a county auditor has no power to declare real property exempt (*State, ex rel. Sister Superior,* v. *Bd. of Commrs.* [1877], 31 Ohio St. 271), but must follow the orders of the Board of Tax Appeals.

However, Canfield urges, and the Court of Appeals held, that the Board of Tax Appeals consented to the exemption of the schoolhouse in its journal entry of December 4, 1970. A precis of appellant's syllogistic response is that property cannot be exempted from taxation until it is taxable, and it cannot be taxable until it exists. Despite the merits of that argument, we need only note that although Canfield requested relief for *"1970 and thereafter,"* the board's 1970 order did not purport to exempt *any* property beyond "the tax year 1970."

In addition, although the Board of Tax Appeals was requested to consent to the exemption of the schoolhouse "for the tax year *1973 and thereafter,"* the board's order merely remitted taxes accrued during 1973, and consented to exemption only for the tax year 1974.

This court holds that the Mahoning County auditor properly performed the duties enjoined upon him by law, in listing the schoolhouse on the taxable property list and

308

certifying that fact to the Board of Tax Appeals pursuant to R. C. 5713.01, 5715.01 and 5715.23. The Board of Tax Appeals, in turn, properly carried out its duty under R. C. 3317.10(A) by certifying to the Board of Education the amount of the tax duplicate of the subject school district. The Board of Education performed its duty by using the amounts so certified in the calculation of the distribution of monies provided in R. C. 3317.02. (R. C. 3317.10.)

Accordingly, the complaint filed by Canfield fails to state a claim upon which relief can be granted, and the action must be dismissed. Civ. R. 12(B)(6).

The judgment of the Court of Appeals is, therefore, reversed and the cause is remanded to the trial court with instructions to dismiss the complaint.

*Judgment reversed.*

O'Neill, C. J., Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.

Herbert, J., dissents.