CONVERGYS CORPORATION et al., Appellants,

v.

TACKMAN, Appellee.

[Cite as *Convergys Corp. v. Tackman,* 169 Ohio App.3d 665, 2006-Ohio-6616.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–060440.

Decided Dec. 15, 2006.

Frost Brown Todd L.L.C., and Grant S. Cowan, for appellants.

Freking & Betz, and Megan E. Clark, for appellee.

Per Curiam.

{¶ 1} Plaintiffs-appellants Convergys Corporation and Convergys Corporate Management Group, Inc. ("Convergys") appeal from the trial court's entry denying their motion for a preliminary injunction against defendant-appellee Teresa Tackman.

{¶ 2} In March 2006, Convergys filed a complaint against Tackman, a former employee, for breach of her noncompete agreement and for misappropriation of trade secrets. In conjunction with the complaint, Convergys filed a motion for a

temporary restraining order and a preliminary injunction against Tackman to enforce the terms of her noncompete agreement while its claims were pending. Tackman filed an affidavit opposing the motion.

{¶ 3} Shortly thereafter, the trial court entered an agreed temporary restraining order, as well as an agreed protective order. Tackman filed an answer to the complaint and a counterclaim for a declaratory judgment. In her counterclaim, Tackman sought a declaration that her noncompete agreement with Convergys was void and, therefore, unenforceable under Ohio law.

{¶ 4} The trial court held a four-day evidentiary hearing on Convergys's motion for a preliminary injunction. At the conclusion of the hearing, the trial court took a five-minute recess and then rendered its decision denying Convergys's motion for a preliminary injunction and dissolving the agreed temporary restraining order. On appeal, Convergys now raises one assignment of error.

{¶ 5} In its sole assignment of error, Convergys contends that the trial court erred in denying its motion for a preliminary injunction and refusing to enforce the noncompete agreement against Tackman.

{¶ 6} As the party seeking a preliminary injunction, Convergys had to show by clear and convincing evidence that (1) there was a substantial likelihood that it would prevail on the merits, (2) it would suffer irreparable harm if the injunction was not granted, (3) no third parties would be unjustifiably harmed if the injunction was granted, and (4) the public interest would be served by the injunction.[1]

{¶ 7} In denying Convergys's motion for a preliminary injunction, the trial court stated that although Tackman "had a lot of confidential information and trade secrets," there had been no showing that Tackman had disclosed or used any of that confidential information in her job at Teleperformance USA, and thus no showing of any actual harm to Convergys. Accordingly, the trial court stated that it was denying Convergys's motion because it had failed to establish a likelihood of irreparable harm.

{¶ 8} Convergys argues, among other things, that the trial court erred as a matter of law in employing an actual-harm standard, instead of a threat-of-harm standard, as the basis for denying its motion for a preliminary injunction. We agree.

{¶ 9} In *Procter & Gamble Co. v. Stoneham*, this court held that to determine whether a party will suffer irreparable harm in the absence of an injunction, the moving party need not demonstrate actual harm.[2] Rather, "a threat of harm is a

---

1. *Procter & Gamble Co. v. Stoneham* (2000), 140 Ohio App.3d 260, 267, 747 N.E.2d 268.

2. Id. at 274, 747 N.E.2d 268.

sufficient basis on which to grant injunctive relief." [3]  We further held that in an action to enforce a noncompete agreement, an actual threat of harm exists when an employee possesses knowledge of an employer's trade secrets and begins working in a position that causes him to directly compete with the former employer or the product line that the employee formerly supported.[4]  Thus, we held that the trial court had erred as a matter of law in holding that Procter & Gamble, as the party seeking the injunction, was required to prove actual harm.[5]

{¶ 10} In this case, the trial court made the same error as the trial court in *Stoneham*.  It denied Convergys's motion on the sole basis that Convergys had failed to show that it had suffered any actual harm.  Because the trial court applied the wrong legal standard in denying Convergys's motion for a preliminary injunction, we sustain Convergys's sole assignment of error.  We, therefore, reverse the trial court's judgment and remand this case for reconsideration of Convergys's motion for a preliminary injunction under the correct legal standard as set forth in this court's opinion in *Stoneham*.

Judgment reversed
and cause remanded.

HILDEBRANDT, P.J., GORMAN and SUNDERMANN, JJ., concur.