THE STATE EX REL. CITY OF LORAIN ET AL. *v.* STEWART, AUD.

[Cite as *State ex rel. Lorain v. Stewart,* 119
Ohio St.3d 222, 2008-Ohio-4062.]

(No. 2007–2289—Submitted July 31, 2008—Decided August 14, 2008.)

**Per Curiam.**

{¶ 1} This is an original action for a writ of mandamus to compel a county auditor to place on the tax-exempt property list certain properties certified by a city housing officer as having been granted community-reinvestment-area tax exemptions. Because relators have established the requirements for the requested extraordinary relief, we grant the writ.

### Creation of Community Reinvestment Areas

{¶ 2} Between 1980 and 1990, relator city of Lorain established five community reinvestment areas ("CRAs"). In 1985, Lorain passed an ordinance establishing Community Reinvestment Area No. 3 ("CRA 3"), and in 1989, Lorain passed an ordinance establishing Community Reinvestment Area No. 4 ("CRA 4"). Before 2006, the applicable ordinances for CRAs 3 and 4 provided for a "50% exemption of real estate or improvements for one (1) year" unless otherwise contractually agreed to under R.C. 3735.67.

{¶ 3} Lorain subsequently amended the CRA ordinances for the five CRAs, including CRAs 3 and 4, to delete the specified percentage and period of the tax exemption and to instead provide that "within the 'Community Reinvestment Area' tax exemptions for improvements to real property described as in Section 3735.65 of the Ohio Revised Code will be granted to the applicant based on the written recommendation of the City Council Committee of Tax Incentives."

{¶ 4} A few months later, Lorain passed Ordinance No. 93–06, which provided that "the Community Reinvestment Area Program re-affirmed by Lorain City Council by Ordinance No. 220–05 for City of Lorain Community Reinvestment Areas 1, 2, 3, 4, and 5 * * *, which is part of the Community Reinvestment Area Program attached as Attachment 'B,' Section 2–5, and fully incorporated as part of this ordinance respectively shall be in full force and effect." The text of the ordinance and the portions of an attachment incorporated therein did not contain

a percentage and period for CRA tax exemptions, although unincorporated attachments included model CRA agreements specifying a 100 percent tax exemption for a maximum period of 15 years.

## Certification of CRA Exemptions

{¶ 5} Between December 12, 2006, and July 19, 2007, the Lorain housing director determined that 355 properties in CRAs 3 and 4 met the requirements for CRA tax exemptions. The housing director forwarded the applications for exemptions and his certifications for some of the properties to respondent, Lorain County Auditor Mark R. Stewart, for placement on the county's tax-exempt property list. The housing director later resubmitted the certifications and submitted the remaining certifications for the properties to show the 100 percent percentage of each exemption and the exemption period of 15 years.

## Auditor's Refusal to Place Properties on Tax–Exempt List

{¶ 6} The auditor refused to place the 355 properties in CRAs 3 and 4 on the tax-exempt property list. Instead, the auditor sent letters to the property owners stating that the properties would remain on the list of taxable property in Lorain County because the city's tax exemption was improper. In his letters, the auditor asserted that in exercising his authority under R.C. 5713.08 to ensure that the properties were exempted from taxation, he concluded that Lorain's CRA tax-exemption program was fatally flawed because:

{¶ 7} "The ordinance that the Lorain City Council amended and enacted fails to identify a term of years for the proposed tax exemption;

{¶ 8} "The ordinance that the Lorain City Council amended and enacted fails to identify a percentage of tax exemption to be applied to your tax bill;

{¶ 9} "The property listed on your application is not new construction, as required by law, and was already built, occupied and on the tax rolls before your application was made; and

{¶ 10} "Your application was submitted more than [a] year after original construction and improvements."

## Action for Declaratory Relief

{¶ 11} The Lorain County Commissioners then filed a complaint in the Lorain County Court of Common Pleas for declaratory and injunctive relief. A month later, the county commissioners amended the complaint to name Lorain, the Lorain housing officer, and Lorain County Auditor Stewart, among others, as defendants. The commissioners sought a declaration that the city's CRA program is illegal as it applies to the tax-abatement applications in the CRAs.

## Administrative Appeals

{¶ 12} Lorain and its housing officer also filed a notice of appeal to the common pleas court contesting Lorain County Auditor Stewart's refusal to list the properties certified by the housing officer as tax-exempt CRA properties. In addition, some of the property owners who had been granted CRA exemptions by the city filed administrative appeals from the auditor's decision.

{¶ 13} The Lorain County Court of Common Pleas consolidated the county commissioners' declaratory judgment action with the administrative appeals, and those cases remain pending.

## Mandamus Case

{¶ 14} A couple months later, Lorain and its housing director filed this action for a writ of mandamus against the county auditor. In an amended complaint, relators, Lorain and Housing Officer Drake Hopewell, request a writ of mandamus to compel the auditor to place the properties certified by the city's housing officer as qualifying for CRA exemptions on the tax-exempt property list. After the auditor filed a motion to dismiss, we denied the motion and granted an alternative writ. *State ex rel. Lorain v. Stewart*, 117 Ohio St.3d 1474, 2008-Ohio-1841, 884 N.E.2d 1107.

{¶ 15} The parties have filed evidence, briefs, and requests for oral argument. In addition, the County Auditors' Association of Ohio has filed an amicus curiae brief in support of Stewart.

{¶ 16} This case is now before the court upon consideration of the parties' requests for oral argument and on the merits.

## Requests for Oral Argument

{¶ 17} The parties request oral argument. "Oral argument is not required in an original action in this court; instead, oral argument is discretionary in these cases." *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 114 Ohio St.3d 183, 2007-Ohio-3831, 870 N.E.2d 1174, ¶ 42. "Nevertheless, we have discretion to grant oral argument pursuant to S.Ct.Prac.R. IX(2)(A), and in exercising this discretion, we consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals." *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15.

{¶ 18} First, the parties do not specify any of these reasons for oral argument. Relators claim only that "oral argument would be beneficial in allowing the parties to address the record and answer questions the Court may have regarding the legal issues presented in this case"; the auditor specifies no reasons in his request. See *State ex rel. McGinty v. Cleveland City School Dist. Bd. of Edn.*

(1998), 81 Ohio St.3d 283, 286, 690 N.E.2d 1273 (request for oral argument denied for several reasons, including that no reason was given "why oral argument would be beneficial to a resolution" of the case).

{¶ 19} Second, the "parties' briefs and evidence are sufficient to resolve the issues raised in this case." *State ex rel. Allen v. Warren Cty. Bd. of Elections,* 115 Ohio St.3d 186, 2007-Ohio-4752, 874 N.E.2d 507, ¶ 21.

{¶ 20} Third, this case does not involve complex legal or factual issues or a conflict between courts of appeals, and any constitutional issues raised need not be addressed in the court's decision on the merits. *State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 57, quoting *Smith v. Leis,* 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, ¶ 54 (" 'courts decide constitutional issues only when absolutely necessary' ").

{¶ 21} Fourth, while the parties claim that there is some public importance to this case, these concerns seem largely overstated, and as noted previously, the briefs are sufficient to resolve the case.

{¶ 22} Therefore, we deny the parties' requests for oral argument.

### Mandamus—General Standard

{¶ 23} To be entitled to the requested writ of mandamus, Lorain and its housing director must establish a clear legal right to have the 355 properties certified as meeting the CRA exemption requirements placed on the county's exempt-property list, a clear legal duty on the part of Lorain County Auditor Stewart to place these properties on the exempt-property list, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Gen. Motors Corp. v. Indus. Comm.,* 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, ¶ 9.

### Community Reinvestment Areas

{¶ 24} This case involves tax exemptions under R.C. 3735.65 to 3735.70, which "are designed to allow municipalities and counties to identify areas as 'community reinvestment areas.' " 1 Gotherman, Babbit, & Lang, Local Government Law– Municipal (2004) 881, Section 26:7.

{¶ 25} In *Gahanna–Jefferson Local School Dist. Bd. of Edn. v. Zaino* (2001), 93 Ohio St.3d 231, 232–233, 754 N.E.2d 789, we analyzed the CRA statutory scheme:

{¶ 26} "In R.C. 3735.65 et seq., the General Assembly has instituted a property tax incentive program that promotes the construction and remodeling of commercial, industrial, and residential structures in CRAs. Before property may be exempted from taxation under this program, the legislative authority of a municipality or county must adopt resolutions designating the boundaries of a CRA. R.C. 3735.66. The legislative authority must also designate a housing

officer to administer the CRA program. Id. New or remodeled residential, commercial, or industrial property located within a CRA is eligible for a partial or total tax exemption. Id.

{¶ 27} "To obtain an exemption for new or remodeled property located in a CRA, the owner must file an application with the housing officer designated by the legislative authority. R.C. 3735.67. * * * After the housing officer has determined that all the requirements for an exemption have been met, he or she forwards the application to the county auditor with information regarding the percentage and duration of the exemption. R.C. 3735.67(C).

{¶ 28} "Besides the authority granted by R.C. 3735.67, the housing officer also has the power to revoke a CRA exemption after the first year if 'the housing officer finds that the property has not been properly maintained or repaired due to the neglect of the owner.' R.C. 3735.68 * * *.

{¶ 29} "The CRA statutory scheme also contains an appeals process. R.C. 3735.70 allows '[a]ny person aggrieved under sections 3735.65 to 3735.69 of the Revised Code' to appeal to the CRA housing council, an administrative body appointed by local authorities under R.C. 3735.69. R.C. 3735.70 also provides for further appeals 'from a decision of the council to the court of common pleas of the county where the area is located.'" (Footnotes omitted.)

### Clear Legal Right and Clear Legal Duty

{¶ 30} Under the CRA statutory scheme, "[i]f the construction or remodeling meets the requirements for exemption, the housing officer shall forward the application to the county auditor with a certification as to the division of this section under which the exemption is granted, and the period and percentage of the exemption as determined by the legislative authority pursuant to that division." R.C. 3735.67(C). The Lorain housing director forwarded the applications and certifications for the properties to Lorain County Auditor Stewart.

{¶ 31} The county auditor then had a duty under R.C. 5713.08(A) to "make a list of all real and personal property in the auditor's county that is exempted from taxation." Pursuant to R.C. 5713.07, the county auditor had a duty to enter on that tax-exempt property list those properties *which have been exempted from taxation* by either the tax commissioner under section 5715.27 of the Revised Code or *by the housing officer under section 3735.67 of the Revised Code.* (Emphasis added.) Neither of these duties is conditioned on whether the housing officer's determination of exemption was proper.

{¶ 32} The auditor and the amicus curiae claim that R.C. 5713.08 and 5715.46 authorize the auditor to refuse to place the CRA properties certified to him by the housing officer on the tax-exempt property list if the auditor determines that the properties were incorrectly exempted.

{¶ 33} R.C. 5713.08(A) [1] provides:

{¶ 34} "The county auditor shall make a list of all real and personal property in the auditor's county, including money, credits, and investments in bonds, stocks, or otherwise, which is exempted from taxation. Such list shall show the name of the owner, the value of the property exempted, and a statement in brief form of the ground on which such exemption has been granted. *It shall be corrected annually* by adding thereto the items of property which have been exempted during the year, and *by striking therefrom the items which in the opinion of the auditor have lost their right of exemption and which have been reentered on the taxable list.* No additions shall be made to such exempt lists and no additional items of property shall be exempted from taxation without the consent of the tax commissioner as is provided for in section 5715.27 of the Revised Code or without the consent of the housing officer under section 3735.67 of the Revised Code." (Emphasis added.)

{¶ 35} The auditor contends that his authority under R.C. 5713.08(A) to remove property from the exempt list necessarily includes the power to refuse to initially place property that is not exempt on the list. In construing this provision, "our paramount concern is the intent in enacting" it. *State ex rel. Cincinnati Enquirer v. Jones–Kelley,* 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 17. "Determining this intent requires us to read words and phrases in context and construe them in accordance with rules of grammar and common usage." *State ex rel. Russell v. Thornton,* 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 11.

{¶ 36} The plain language of the statute restricts the auditor's power to removing from the exempt list only that property that is no longer exempt. The statute thus contemplates that the property must already be on the exempt list before the auditor can remove it. The statute does not authorize the auditor to refuse to place property on the exempt list when that property has been exempted by a housing officer under R.C. 3735.67 or a tax commissioner under R.C. 5715.27. The auditor's interpretation of R.C. 5713.08(A) would add language to the statute authorizing auditors to refuse to place those properties on the exempt list that in the auditor's opinion are not exempt, but we cannot allow language to be added. See *State ex rel. Sapp v. Franklin Cty. Court of Appeals,* 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 26 (court cannot add exception when plain language of statute does not contain exception); *State v. Hughes* (1999), 86 Ohio St.3d 424, 427, 715 N.E.2d 540 ("In construing a statute, we may not add or delete words").

---

1. R.C. 5713.08(A) was amended in June 2008. Sub.H.B. No. 160, effective June 20, 2008. The changes are not relevant to our discussion.

{¶ 37} The auditor contends that his construction of R.C. 5713.08(A) is supported by *Canfield Local School Dist. Bd. of Edn. v. Olenick* (1976), 45 Ohio St.2d 300, 74 O.O.2d 466, 345 N.E.2d 66, and *Fid. S. & L. Co. v. Strabala* (May 1, 1986), Columbiana App. No. 84–C–36, 1986 WL 5284. *Olenick*, however, is distinguishable. In that case, the property that the auditor placed on the taxable-property list had never been certified by another official as exempt, and the R.C. 5713.08 provision for removing property from the tax-exempt list was not implicated. And although the appellate opinion in *Strabala* does support the auditor's interpretation, it ignores the plain language of R.C. 5713.08(A) and should not be followed.

{¶ 38} Therefore, R.C. 5713.08 did not authorize Lorain County Auditor Stewart to refuse to place the properties certified by the Lorain Housing Officer as exempt on the county's exempt-property list.

{¶ 39} In so holding, we make no decision in this case about the issues raised by the auditor concerning the possible illegality of the city's CRA exemptions, including the validity of the CRA ordinances or administration of the CRAs. This conclusion is consistent with the " 'cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more.' " *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 34, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Administration* (C.A.D.C.2004), 362 F.3d 786, 799 (Roberts, J., concurring in part and in the judgment).

{¶ 40} The auditor also relies on R.C. 5715.46 to support his contention that he was authorized to refuse to place the CRA properties certified by the housing officer on the county's exempt list. That statute provides:

{¶ 41} "No county auditor, member of a county board of revision, or expert, clerk, or other employee of such auditor or board shall refuse or knowingly neglect to perform any duties enjoined on him by law, or consent to or connive at any evasion of Title LVII of the Revised Code, by which property required to be assessed is unlawfully exempted, or the valuation thereof is entered at other than its taxable value."

{¶ 42} The auditor's reliance on R.C. 5715.46 is misplaced for several reasons. The first portion of the statute requires that he not "refuse or knowingly neglect to perform any duty enjoined on him by law." As previously discussed, one of the duties imposed upon him by R.C. 5713.07 and 5713.08 is to enter the properties on the exempt list that have been exempted from taxation under the CRA provisions by the housing officer. Therefore, R.C. 5715.46 supports relators' mandamus claim.

{¶ 43} Moreover, by meeting his legal duties under R.C. 5713.07 and 5713.08, the auditor is not consenting to or conniving at any evasion of R.C. Title 57. By

performing the ministerial duty under R.C. 5713.07 and 5713.08 to place properties on the exempt list that have been certified as meeting the CRA-exemption requirements by the housing officer, a county auditor is neither approving the housing officer's substantive determination nor conspiring with the housing officer to evade taxation. The auditor and amicus curiae fail to cite any authority that holds that the auditor's authority under R.C. 5715.46 is so expansive that it allows him to refuse to place the properties on the exempt list.

{¶ 44} Further, the auditor did not cite or otherwise rely on R.C. 5715.46 in his letters refusing to recognize the CRA exemptions certified by the housing officer.

{¶ 45} The auditor is not empowered to refuse to perform his ministerial statutory duty of placing on the exempt list the properties certified by the housing officer as meeting the CRA-exemption requirements based on a belief that the properties are not exempt. Therefore, Lorain and its housing officer have established both a clear legal right to have the properties placed on the county's exempt list and a clear legal duty on the part of the auditor to place the properties on that list.

## Lack of Adequate Legal Remedy in the Ordinary Course of Law

{¶ 46} "Mandamus will not issue if there is a plain and adequate remedy in the ordinary course of law." *State ex rel. Hilltop Basic Resources, Inc. v. Cincinnati*, 118 Ohio St.3d 131, 2008-Ohio-1966, 886 N.E.2d 839, ¶ 23; R.C. 2731.05. The auditor contends that even if Lorain and its housing director can establish a clear legal right to determine exemptions under the CRA and a clear legal duty on the part of the auditor to place these properties on the list, they are not entitled to the writ because they have adequate remedies in the ordinary course of law by way of the pending declaratory judgment action, the pending administrative appeals, and an appeal to the county board of revision under R.C. 5715.19.

{¶ 47} For the following reasons, the auditor's assertions are incorrect.

## Pending Declaratory Judgment Action

{¶ 48} "Where parties to a mandamus action are also parties, or may be joined as parties, in a previously filed declaratory judgment action involving the same subject matter, a court, in the exercise of its discretion, may refuse to issue a writ of mandamus." *State ex rel. Bennett v. Lime* (1978), 55 Ohio St.2d 62, 9 O.O.3d 69, 378 N.E.2d 152, syllabus; *State ex rel. Beane v. Dayton*, 112 Ohio St.3d 553, 2007-Ohio-811, 862 N.E.2d 97, ¶ 33. All of the parties in this case—the city, the housing officer, and the county auditor—are parties in the declaratory judgment case brought by the Lorain County Commissioners that is pending in the common pleas court.

{¶ 49} Nevertheless, the pending declaratory judgment case does not preclude relators' mandamus claim for the following reasons.

{¶ 50} First, a declaratory judgment would not be a complete remedy unless coupled with extraordinary ancillary relief in the nature of a mandatory injunction to compel the auditor to place the properties on the tax-exempt property list. *State ex rel. N. Main St. Coalition v. Webb*, 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, ¶ 41–42. There is also no indication that the auditor has promised to abide by any common pleas court order in the declaratory judgment case. Id. at ¶ 45.

{¶ 51} Second, under R.C. 3735.70, any person aggrieved by a housing officer's exemption determination may appeal to the CRA housing council, and "[a]ppeals may be taken from a decision of the council to the court of common pleas of the county where the area is located." Actions for declaratory judgment and injunction are considered to be inappropriate where, as here, special statutory proceedings would be bypassed. *State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202, 855 N.E.2d 1188, ¶ 21; *State ex rel. Smith v. Frost* (1995), 74 Ohio St.3d 107, 112, 656 N.E.2d 673. Thus, the adequacy of the declaratory judgment action is immaterial.

{¶ 52} Significantly, the board of county commissioners would constitute a "person" permitted to file a complaint challenging the housing officer's exemption of specific property. See R.C. 3735.67(E) and 5715.19(A)(1). Therefore, the county is not left without a remedy to contest the housing officer's CRA exemption determination.

{¶ 53} Consequently, the pending declaratory judgment action does not bar this mandamus action.

### Administrative Appeal

{¶ 54} The auditor next claims that relators' and the property owners' pending administrative appeals from his decision refusing to place the CRA properties on the exempt list are an adequate remedy at law. See, e.g., *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, 862 N.E.2d 104, ¶ 9–10 (administrative appeal provides an adequate remedy in the ordinary course of law).

{¶ 55} The auditor's claim lacks merit because R.C. 2506.01 provides for administrative appeals only from quasi-judicial proceedings, in which notice, a hearing, and the opportunity for the introduction of evidence have been given. *State ex rel. Painesville v. Lake Cty. Bd. of Commrs.* (2001), 93 Ohio St.3d 566, 571, 757 N.E.2d 347; *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562, paragraphs one and two of the syllabus. The auditor

did not conduct a quasi-judicial proceeding in refusing to place the property on the exempt list.

{¶ 56} The administrative appeals do not bar relators' mandamus claim.

## Appeal to the County Board of Revision

{¶ 57} Under R.C. 5715.19(A)(1)(d), a complaint may be filed with the county board of revision contesting the "determination of the total valuation or assessment of any parcel that appears on the tax list." A county auditor determines "the true value of each separate tract, lot, or parcel of real property and of buildings, structures, and improvements located thereon * * * in every district, according to the rules prescribed by this chapter and section 5715.01 of the Revised Code, and in accordance with the uniform rules and methods of valuing and assessing real property as adopted, prescribed, and promulgated by the tax commissioner." R.C. 5713.03. Under R.C. 5713.01(B), the auditor "shall assess all the real estate situated in the county at its taxable value in accordance with sections 5713.03, 5713.31, and 5715.01 of the Revised Code and with the rules and methods applicable to the auditor's county adopted, prescribed, and promulgated by the tax commissioner."

{¶ 58} These provisions show that the auditor's decision that the properties are not exempt and should not be placed on the exempt list—notwithstanding his clear ministerial duty to place them on the list under R.C. 5713.07 and 5713.08— was a determination of whether the properties were exempt, not of their valuation or assessment for tax purposes. The cases cited by the auditor to support his argument that relators had an appeal to the county board of revision do not address CRA exemptions and are thus distinguishable. See *State ex rel. Rolling Hills Local School Dist. Bd. of Edn. v. Brown* (1992), 63 Ohio St.3d 520, 589 N.E.2d 1265 (claim that property was erroneously recorded in improper taxing district could be reviewed in an appeal under R.C. 5715.19); *IBM Corp. v. Franklin Cty. Bd. of Revision*, Franklin App. No. 06AP–108, 2006-Ohio-6258, 2006 WL 3438656 (appeals challenging valuations based on tax abatement under an enterprise-zone agreement).

{¶ 59} Therefore, R.C. 5715.19 does not preclude this mandamus action.

## Conclusion

{¶ 60} Based on the foregoing, the city and its housing officer have established that they are entitled to extraordinary relief in mandamus. Therefore, we grant a writ of mandamus to compel the Lorain County auditor to place the 355 properties in CRAs 3 and 4, which had been certified to him by the Lorain housing officer as exempt, on the tax-exempt property list for Lorain County.

Writ granted.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

CUPP, J., concurs but would have allowed oral argument.

PFEIFER, J., dissents and would have allowed oral argument and denied the writ on the merits.

———————

Vorys, Sater, Seymour and Pease, L.L.P., Alexandra T. Schimmer, Scott J. Ziance, and Michael S. Gordon; and Mark R. Provenza, Lorain Law Director, for relators.

The Chandra Law Firm, L.L.C., Subodh Chandra, and Jaime Bouvier, for respondent.

Thomas P. Pappas, urging denial of the writ for amicus curiae, County Auditors' Association of Ohio.