[Cite as *Brookville Equip. Corp. v. Cincinnati*, 2012-Ohio-3648.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| BROOKVILLE EQUIPMENT CORP., | : | APPEAL NO. C-120434 |
| Plaintiff-Appellant, | : | TRIAL NO. A-1204469 |
| and | : | |
| THE CINCINNATI ENQUIRER, | : | *O P I N I O N.* |
| Intervenor-Appellee, | : | |
| and | : | |
| CAF USA, INC., | : | |
| Intervenor, | : | |
| vs. | : | |
| CITY OF CINCINNATI, | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  August 15, 2012

*Dinsmore & Shohl LLP, Bryan E. Pacheco* and *Alan H. Abes*, for Plaintiff-Appellant,

*Graydon Head & Ritchey LLP* and *John C. Greiner*, for Intervenor-Appellee.

Please note:  This case has been removed from the accelerated calendar.

**SYLVIA S. HENDON, Presiding Judge.**

{¶1}    Plaintiff-appellant Brookville Equipment Corporation ("Brookville") appeals the judgment of the Hamilton County Court of Common Pleas denying in part its request for a temporary restraining order and preliminary injunction prohibiting defendant city of Cincinnati (the "City") from releasing Brookville's unredacted proposals for the construction of the City's streetcar system to intervenor-appellee The Cincinnati Enquirer, or to anyone else, pursuant to a public-records request, during the pendency of Brookville's lawsuit against the City for declaratory judgment and permanent injunction.   Because we determine that the trial court did not abuse its discretion in denying Brookville's request, we affirm that portion of the trial court's judgment.

## *Factual and Procedural Background*

{¶2}    In September 2011, the City issued a request for proposals for the construction of a streetcar system (the "RFP").   The RFP provided that documents submitted to the City as part of a proposal or best and final offer would be subject to disclosure under Ohio's Public Records Act.   The RFP also provided that information a proposer believed to be exempt from disclosure, such as trade-secret information, be set apart on separate pages.

{¶3}    Brookville, a manufacturer of various transportation vehicles, including streetcars, submitted two proposals in response to the RFP (the "Proposals").   At the request of the City, Brookville then submitted its best and final offer for the streetcar (the "BAFO").   Brookville redacted information it believed to be trade secrets from the BAFO.

{¶4}  The Cincinnati Enquirer (the "Enquirer") made a public-records request to the City for proposals submitted in response to the RFP.  The City gave Brookville and the other streetcar proposers an opportunity to remove trade-secret information from their proposals.  Brookville redacted its purported trade secrets from the Proposals and BAFO, including information related to price, design, performance, manufacturing, and personnel, and those redacted documents were given to the Enquirer.

{¶5}  Unsatisfied with the redacted documents, the Enquirer made a request to the City for "unredacted versions of the bid records."  The City then informed Brookville of the City's intent to release the unredacted Proposals and BAFO, absent a court order.  Subsequently, Brookville filed a verified complaint in the Hamilton County Court of Common Pleas requesting a declaratory judgment (1) that its unredacted Proposals and BAFO contain trade-secret information and (2) that the City cannot disclose this trade-secret information.  Brookville also requested a temporary restraining order ("TRO"), preliminary injunction, and permanent injunction prohibiting the City from disclosing its unredacted Proposals and BAFO.

{¶6}  Another streetcar proposer, United Streetcar, LLC, also filed suit against the City to protect its purported trade secrets, which was later consolidated with Brookville's action.  A third streetcar proposer, CAF USA, Inc., filed a motion to intervene and also requested injunctive relief prohibiting disclosure of its trade secrets until such time as the City awarded a final contract.  The Enquirer also moved to intervene in the action and filed a complaint requesting a declaratory judgment against the City that the streetcar proposals be made available for public inspection.

3

{¶7}   The trial court held hearings on the motions for temporary and injunctive relief.  Meanwhile, United Streetcar, LLC, reached a settlement with the Enquirer, and so the Enquirer voluntarily dismissed with prejudice its intervening complaint against the City as to that company's proposal.  CAF USA, Inc., also reached an agreement with the Enquirer; Brookville, however, did not.  After conducting an in camera review of the information in Brookville's Proposals and BAFO, the trial court denied Brookville's request for a TRO and preliminary injunction as to its baseline-pricing information, most of its technical and manufacturing information, and its staffing information.  The trial court granted Brookville's motion for a TRO as to the component-pricing information and the remaining technical and manufacturing information until a preliminary-injunction hearing could be held.

{¶8}   The trial court refused to stay that portion of its order denying Brookville relief, which would have allowed for immediate disclosure of information.  Brookville then filed this appeal from that portion of the trial court's order denying its request for TRO and preliminary injunctive relief.  We granted Brookville's motion to stay the order of the trial court pending Brookville's appeal to this court.

### *Temporary and Preliminary Injunctive Relief*

{¶9}   In its sole assignment of error, Brookville contends that the trial court erred in denying in part its request for a TRO and preliminary injunction.

{¶10}  The purpose of a TRO or preliminary injunctive relief is to preserve the status quo.  *Acordia of Ohio, LLC v. Fishel*, 1st Dist. No. C-100071, 2010-Ohio-6235, ¶ 9.  This court reviews a trial court's decision granting or denying temporary or preliminary injunctive relief for an abuse of discretion.  *See Garono v. State*, 37 Ohio

4

St.3d 171, 173, 524 N.E.2d 496 (1988) ("The grant or denial of an injunction is solely within the trial court's discretion and, therefore, a reviewing court should not disturb the judgment of the trial court absent a showing of a clear abuse of discretion."). A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶11} A party seeking a TRO or preliminary injunctive relief must show, by clear and convincing evidence, (1) a substantial likelihood that the party will prevail on the merits, (2) the party will suffer irreparable injury or harm if the requested injunctive relief is denied, (3) no unjustifiable harm to third parties will occur if the injunctive relief is granted, and (4) the injunctive relief requested will serve the public interest. *Cincinnati v. Harrison*, 1st Dist. No. C-090702, 2010-Ohio-3430, ¶ 8, citing *The Proctor & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 267, 747 N.E.2d 268 (1st Dist.2000). A court must balance all four factors in determining whether to grant or deny injunctive relief, and no one factor is determinative. *Toledo Police Patrolman's Assn., Local 10, IUPA, AFL-CIO-CLC, v. Toledo*, 127 Ohio App.3d 450, 469, 713 N.E.2d 78 (6th Dist.1998).

### Likelihood of Success on the Merits

{¶12} As to the first element of preliminary injunctive relief—likelihood of success on the merits—Brookville asserts that it is likely to prevail on the merits of its suit seeking a declaratory judgment and permanent injunction because the redacted portions of its Proposals and BAFO are trade secrets exempt from disclosure by Ohio's Public Records Act, R.C. 149.43. "Trade secrets are exempt from disclosure under the 'state or federal law' exemption of R.C. 149.43." *State ex rel. Besser v.*

*Ohio State Univ.*, 89 Ohio St.3d 396, 399, 732 N.E.2d 373 (2000), quoting R.C. 149.43(A)(1)(v).  Trade secret, as defined in Ohio's Uniform Trade Secrets Act, R.C. 1333.61(D),

> means information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, or any business information or plans, financial information, or listing of names, addresses, or telephone numbers, that satisfies both of the following: (1) It derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.  (2) It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

{¶13}  The Ohio Supreme Court established a two-part test for determining whether information submitted to a public agency is exempt from disclosure as a trade secret in *State ex rel. Allright Parking of Cleveland, Inc. v. Cleveland*, 63 Ohio St.3d 772, 776, 591 N.E.2d 708 (1992): (1) A court must review the documents in camera to determine whether they contain trade-secret information.  If the documents do not contain trade-secret information, then they must be disclosed.  (2) If the documents contain trade-secret information, however, then the court must

determine whether the statutory submission requirements of the public agency place the information in the public record. *State ex rel. The Plain Dealer v. Ohio Dept. of Ins.*, 80 Ohio St.3d 513, 523-24, 687 N.E.2d 661 (1997).

{¶14}  In *Allright Parking*, the court of appeals in a mandamus action had determined that certain documents submitted to the city of Cleveland as part of a tax-abatement application under R.C. 1728.06 were not exempt from disclosure as trade secrets under R.C. 149.43 because R.C. 1728.06, which governs such applications, provides that the applications are a matter of public record.  63 Ohio St.3d at 774.  On direct appeal to the Ohio Supreme Court, the Court held that the court of appeals had erred in reaching its conclusion with regard to waiver of trade secrets without first conducting an in camera review of the documents to determine whether they had become public record or were merely "ancillary to" the application. *Id.* at 775.

{¶15}  Specifically, the Court determined that

[t]he court of appeals erred in its assumption that once an application is 'a matter of public record,' materials that are ancillary to, but submitted with, the application are automatically subject to disclosure.  Although the court of appeals was correct that the application itself was a public record because the statute directly provides for its inspection by the public, it incorrectly ruled that all of the documents *relating to* or *submitted with* the application were public records and subject to release under R.C. 149.43.

7

*Id.*, quoting R.C. 1728.06.

{¶16} In determining whether Brookville's Proposals and BAFO were exempt from disclosure, the trial court examined the City's requirements for submitting competitive proposals in the Cincinnati Municipal Code. Cincinnati Municipal Code 321-61 provides that "[a]ll proposals shall be opened at the time, date and place specified in the request for proposal and the proposals shall be available for public inspection." Cincinnati Municipal Code 321-1-P1 provides that " '[p]roposal' shall mean an offer in response to a 'Request for Proposal.' " The trial court determined that the phrase "public inspection" in Cincinnati Municipal Code 321-61 means that the public has the right to review, at a minimum, essential terms of any proposal to the City. The trial court then relied on *Allright Parking* to determine that Brookville waived any trade-secret protection as to the baseline-pricing information and most of the technical and manufacturing information, because those categories were essential to public inspection of the Proposals and BAFO.

{¶17} Brookville argues that the trial court erred in holding that it waived trade-secret protection. Brookville contends that *Allright Parking* is distinguishable because in that case a state statute, as opposed to a municipal ordinance, operated to waive trade-secret protection. Brookville is correct insofar as the City's competitive-proposal process is governed by Cincinnati Municipal Code 321-51 et seq. and not by statute. As the trial court correctly noted, however, under the Home Rule Amendment of the Ohio Constitution, a municipality has the authority to exercise all powers of local self-government, meaning that a municipal ordinance relating solely to matters of local self-government is valid even in the face of a conflicting a state statute. *Am. Fin. Serv. Assn. v. Cleveland*, 112 Ohio St.3d 170, 2006-Ohio-6043, 858

8

N.E.2d 776, ¶ 22-23. Because the result of the City's competitive-proposal process affects the City itself more than the state as a whole, it is a matter of local self-government, and thus Cincinnati Municipal Code 321-61 sits on equal footing with the tax-abatement statute in an analysis under *Allright Parking*. *See Cleveland Elec. Illuminating Co. v. Painesville*, 15 Ohio St.2d 125, 129, 239 N.E.2d 75 (1968).

{¶18} Brookville also argues that the trial court erred in determining that Brookville waived its trade secrets because it complied with the City's RFP, which protected trade secrets from disclosure. The language contained in the RFP represented to potential proposers that any disclosure would conform to Ohio's Public Records Act. The procedures contained in the RFP were promulgated by a city purchasing agent to whom authority to promulgate procedures for the competitive-proposal process had been delegated. *See* Cincinnati Municipal Code 321-51(f). As the trial court correctly noted, however, an administrative rule that conflicts with a legislative enactment is invalid. *See, e.g., Nestle R&D Ctr., Inc. v. Levin*, 122 Ohio St.3d 22, 2009-Ohio-1929, 907 N.E.2d 714, ¶ 40. Therefore, the language contained in the RFP could not trump the plain language of Cincinnati Municipal Code 321-61, which provides for public inspection of competitive proposals.

{¶19} Moreover, the Ohio Supreme Court in *Allright Parking* determined that the party who had submitted the tax-abatement application waived its trade secrets despite the fact that the party had been given assurance from the city of Cleveland that such information would be kept confidential. *State ex rel. Allright Parking of Cleveland, Inc. v. Cleveland*, 8th Dist. No. 57881, 1991 Ohio App. LEXIS 890, *3 (Mar. 1, 1991), *rev'd by Allright Parking*, 63 Ohio St.3d 772, 591 N.E.2d 708.

Thus, the indication from the RFP language that the City would protect Brookville's trade secrets from disclosure does not change the waiver analysis.

{¶20} Brookville argues that the use of "public inspection" in Cincinnati Municipal Code 321-61 invokes the trade-secret exemption under R.C. 149.43 because R.C. 149.43 also contains the phrase "public inspection." This argument is not well-taken. If city council had intended proposals to be available for public inspection, subject to the exemptions listed in R.C. 149.43(A)(1), then it could have provided for that expressly within Cincinnati Municipal Code 321-61. Because council chose not to include language in the ordinance, a court will not add that language when undertaking an interpretation of such ordinance. *See*, *e.g.*, *State ex rel. Lorain v. Stewart*, 119 Ohio St.3d 222, 2008-Ohio-4062, 893 N.E.2d 184, ¶ 36 (refusing to add language to a statute when engaging in statutory interpretation). City council also could have chosen to leave out Cincinnati Municipal Code 321-61 altogether, which would have made R.C. 149.43 the default governing provision.

{¶21} Although we do not agree with Brookville's purported definition of the phrase "public inspection" in Cincinnati Municipal Code 321-61, we do not agree with the trial court's interpretation either. The trial court determined that "public inspection" in that ordinance means that the public has the right to review, at a minimum, the essential terms of a proposal. In this case, the trial court reasoned that the public must be able to review the essential price terms and significant performance measures in the streetcar proposals. The trial court's interpretation conflicts with the plain meaning of the ordinance: The public has the right to review proposals—not just essential terms.

{¶22} Applying Cincinnati Municipal Code 321-61 and *Allright Parking* to Brookville's request for relief, we determine that Brookville has waived any trade-secret protection as to its Proposals and BAFO. Nothing in the record indicates that the information Brookville seeks to protect as trade secrets is merely related to or ancillary to its Proposals or BAFO as was the case in *Allright Parking*. *See Allright Parking*, 8th Dist. No. 57881, 1991 Ohio App. LEXIS 890 at *1 (where the relator had requested "all documents relating to any tax abatement request(s)"), *rev'd by Allright Parking*, 63 Ohio St.3d 772, 591 N.E.2d 708. Brookville stated affirmatively in its verified complaint that its trade-secret information was contained within its Proposals and BAFO. Therefore, Brookville has not shown that it is likely to succeed on the merits of its complaint for declaratory judgment and permanent injunction.

## The Remaining Factors

{¶23} Along with likelihood of success on the merits, a party seeking a TRO or preliminary injunctive relief must also show that irreparable injury would result in the absence of injunctive relief. *Stoneham*, 140 Ohio App.3d at 267, 747 N.E.2d 268. Irreparable injury means a harm for which no plain, adequate, or complete remedy at law exists. *Cleveland v. Cleveland Elec. Illum. Co.*, 115 Ohio App.3d 1, 14, 684 N.E.2d 343 (8th Dist.1996). A party does not have to demonstrate actual harm—threatened harm is sufficient. *Convergys Corp. v. Tackman*, 169 Ohio App.3d 665, 2006-Ohio-6616, 864 N.E.2d 145, ¶ 9 (1st Dist.).

{¶24} As a general matter, no adequate remedy at law exists for the disclosure of trade secrets. *Empower Aviation, LLC v. Butler County Bd. of Commrs.*, 185 Ohio App.3d 477, 2009-Ohio-6331, 924 N.E.2d 862, ¶ 18 (1st Dist.). Brookville's allegation of irreparable harm is greatly weakened, however, given our

11

determination that Brookville has waived trade-secret protection as to its Proposals and BAFO. Therefore, this factor does not weigh in favor of injunctive relief.

{¶25} As to the remaining factors, the trial court merged the inquiries regarding unjustifiable harm to third parties and the public interest and found that these factors weighed in favor of denying an injunction with respect to the baseline-pricing information, most of the technical and manufacturing information, and the staffing information because the public has a strong interest in access to public records. Brookville argues that the trial court ignored the private and public interest in protecting trade secrets, but Brookville's argument is undercut in this instance by its decision to participate in a public, competitive-proposal process, which waived trade secrets. Thus, the public interest weighs in favor of denying an injunction, and no unjustifiable harm to third parties exists.

## Conclusion

{¶26} In conclusion, because we determine that Brookville waived any trade secrets contained within its Proposals and BAFO, Brookville failed to show a likelihood of success on the merits of its complaint for a declaratory judgment and permanent injunction against the City prohibiting the release of its unredacted Proposals and BAFO. Nor did Brookville establish that the other factors for a TRO or preliminary injunction weighed in favor of granting such relief. Therefore, that portion of the trial court's decision from which Brookville has appealed denying Brookville a TRO and preliminary injunction was not abuse of discretion.

{¶27} Consequently, we overrule Brookville's sole assignment of error, and we affirm that part of the trial court's decision denying Brookville's requested relief.

Judgment affirmed.

**DINKELACKER, J.**, concurs.
**FISCHER, J.**, dissents.

**FISCHER, J.**, dissenting.

{¶28} Because I believe that the trial court abused its discretion in denying in part Brookville's request for a TRO and preliminary injunction by applying an incorrect legal standard, I respectfully would sustain Brookville's assignment of error and remand the cause to the trial court to apply in the first instance the test in *Allright Parking*, 63 Ohio St.3d 772, 591 N.E.2d 708.

{¶29} Although the majority implicitly determines that the trial court did not correctly apply *Allright Parking* and Cincinnati Municipal Code 321-61, the majority nonetheless concludes that the trial court's judgment in denying Brookville's request for a TRO and preliminary injunction was not an abuse of discretion. In reaching this conclusion, the majority determines that Brookville has no likelihood of succeeding on the merits of its complaint for permanent injunction and declaratory judgment because it has waived any trade-secret protection with regard to the Proposals and BAFO—a determination not reached by the trial court. Because the majority determines that Brookville has no likelihood of success on the merits, the majority then necessarily determines that the other factors for granting preliminary injunctive relief do not weigh in favor of Brookville's requested relief.

{¶30} I believe that the majority goes somewhat too far in deciding the merits of Brookville's complaint at this early stage in the proceedings. I would remand the cause to the trial court with instructions to properly apply the test required by the Supreme Court of Ohio in *Allright Parking*. Specifically, I would instruct the trial court to conduct an evidentiary hearing to determine whether Brookville's redacted information is part of its proposal, as defined in Cincinnati

13

Municipal Code 321-61, or merely related or ancillary to such a proposal. *See Allright Parking*, 63 Ohio St.3d at 776, 591 N.E.2d 708. Until the trial court in the first instance applies the correct legal standard on the likelihood-of-success factor, this court cannot appropriately review any decision by the trial court as to whether the other preliminary-injunction factors might weigh in favor of Brookville's request for temporary relief.

{¶31} Therefore, I must respectfully dissent.

Please note:

The court has recorded its own entry on the date of the release of this opinion.