THE STATE EX REL. ASTI, APPELLANT, *v.* OHIO DEPARTMENT OF YOUTH

SERVICES ET AL., APPELLEES.

[Cite as *State ex rel. Asti v. Ohio Dept. of Youth Servs.*,

107 Ohio St.3d 262, 2005-Ohio-6432.]

*Public employees — R.C. 124.11(D) – Classified employee who accepts*
*unclassified position has unqualified right to return to classified position.*

(No. 2005-0043 ─ Submitted July 26, 2005 ─ Decided December 21, 2005.)

APPEAL from the Court of Appeals for Franklin County,

No. 03AP-998, 2004-Ohio-6832.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of mandamus to compel a state agency to reinstate a former employee to the classified service under the statutory fallback provision.

{¶ 2} In August 1990, appellee Ohio Department of Youth Services ("DYS") hired appellant, Tony Asti, as an account clerk. In July 1998, DYS promoted Asti to a position classified as Fiscal Officer 4. Between August 1990 and July 1999, Asti held various DYS positions, which were all in the classified service.

{¶ 3} On July 13, 1999, appellee Geno Natalucci-Persichetti, then the Director of DYS, appointed Asti Fiscal Management Bureau Chief of the DYS Division of Finance and Planning. This bureau-chief position was unclassified. In a letter to Asti, Natalucci-Persichetti specified that the appointment was being made pursuant to R.C. Chapter 124 and that Asti would retain the right to resume his previous classified position or be placed in a comparable one:

**{¶ 4}** "This appointment is being made and accepted in accordance with Chapter 124 of the Ohio Revised Code. Even with this change you will remain in your current classification of Fiscal Officer 4 under the E-1 rate schedule and will, in accordance with Chapter 124 of the Ohio Revised Code, retain the right to resume the position you previously held, or a comparable position, in the classified service at Central Office as outlined in this section."

**{¶ 5}** When Asti accepted the 1999 appointment to the unclassified position, he relied on Natalucci-Persichetti's express promise that he had "fallback rights," i.e., he retained the right to resume the classified position he had previously held.

**{¶ 6}** In April 2001, DYS promoted Asti to the unclassified position of Acting Deputy Director of the Division of Finance and Planning. In December 2001, DYS promoted Asti to the unclassified position of Deputy Director of the Division of Finance and Planning.

**{¶ 7}** On December 16, 2002, Asti attended a meeting that included Natalucci-Persichetti and a DYS attorney. At that meeting, Asti was informed that he could either be demoted to another unclassified position or be removed from employment with DYS. During this meeting, Asti asked whether he had any fallback rights, and he was told that he did not. Asti signed a form consenting to a demotion to the position of Correctional Institutional Deputy Superintendent 3 at Scioto Juvenile Correctional Facility in Delaware County, Ohio. Asti added the following handwritten statement to the form:

**{¶ 8}** "I am signing this statement with the understanding that I will be able to research the right to fall back to my previous position in the classified service regardless of the number of classified positions I held."

**{¶ 9}** On January 2, 2003, Asti appealed his demotion to the State Personnel Board of Review. On July 24, 2003, an administrative law judge ("ALJ") for the board issued a report and recommendation. The ALJ

recommended that the board dismiss the appeal for lack of subject-matter jurisdiction. The ALJ further recommended that the board "in dictum find that * * * [Asti] has a clear legal right to [his] most recently held position of Fiscal Officer 4 in the classified service or similar position with [DYS] and that [DYS] has a clear legal duty to respond to [Asti's] legitimate request to fallback to that same position." On August 27, 2003, the board adopted the ALJ's recommendation and dismissed Asti's appeal for lack of jurisdiction.

{¶ 10} On September 9, 2003, Asti's employment with DYS ended. Despite repeated demands, neither DYS nor its director provided Asti with his previous position in the classified service under the statutory fallback provision.

{¶ 11} In October 2003, Asti filed a complaint in the Court of Appeals for Franklin County against appellees, DYS and its director. Asti requested a writ of mandamus to compel appellees to (1) reinstate him to his fallback, classified position, (2) reinstate him to his unclassified Deputy Director position, (3) pay him back pay and lost benefits, (3) award costs and attorney fees, and (4) pay interest. Appellees answered the complaint, and the parties moved for summary judgment.

{¶ 12} On December 16, 2004, the court of appeals denied the writ of mandamus.

{¶ 13} This cause is now before the court upon Asti's appeal as of right.

Oral Argument

{¶ 14} Asti requests oral argument under S.Ct.Prac.R. IX(2)(A). This rule provides that oral argument in cases like this is discretionary. "Among the factors we consider in determining whether to grant oral argument in appeals in which oral argument is not required is whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict between courts of appeals." *Clark v. Connor* (1998), 82 Ohio St.3d 309, 311, 695 N.E.2d 751.

**{¶ 15}** In his request, Asti cites none of those factors, but instead claims that "the main issue in this case is one of first impression and oral argument will be helpful to the court in deciding this case." The issues raised, however, are straightforward – statutory interpretation and collateral estoppel. And the parties' briefs are sufficient to resolve these issues. *State ex rel. WBNS TV, Inc. v. Dues*, 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 20.

**{¶ 16}** Therefore, we deny Asti's request for oral argument.

Mandamus: Standard of Review

**{¶ 17}** Asti asserts that the court of appeals erred in denying his claim for a writ of mandamus. In order to be entitled to the requested writ of mandamus, Asti had to establish a clear legal right to his fallback, classified position,[1] a corresponding clear legal duty for DYS and its director to reinstate him to that position, and the lack of an adequate remedy in the ordinary course of law.

**{¶ 18}** Asti lacks an adequate legal remedy because he has no right to appeal appellees' alleged denial of his statutory fallback rights, which appellees have a legal duty to honor. See, e.g., *State ex rel. Ms. Parsons Constr., Inc. v. Moyer* (1995), 72 Ohio St.3d 404, 406-407, 650 N.E.2d 472 (mandamus is appropriate remedy when relator is being damaged by a failure of public officers to perform official acts that they are under a duty to perform); *State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL-CIO, CLC v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 157, 159, 609 N.E.2d 1266 (mandamus is an appropriate remedy in absence of statutory right of appeal).

---

1. Asti also claimed below that he was entitled to his unclassified position as Deputy Director of the Division and Finance and Planning, which he held before his December 2002 demotion. His argument on appeal, however, is limited to seeking reinstatement to his previous classified position.

4

**{¶ 19}** Accordingly, the dispositive issue is whether Asti has established a clear legal right to reinstatement to his previous classified position and a concomitant legal duty on the part of DYS and its director to reinstate him.

Mandamus:  R.C. 124.11(D)

**{¶ 20}** Asti claims that he is entitled to the writ because R.C. 124.11(D) confers a right to reinstatement to his previous classified position by providing:

**{¶ 21}** "An appointing authority whose employees are paid directly by warrant of the auditor of state may appoint a person who holds a certified position in the classified service within the appointing authority's agency to a position in the unclassified service within that agency. *A person appointed pursuant to this division to a position in the unclassified service shall retain the right to resume the position and status held by the person in the classified service immediately prior to the person's appointment to the position in the unclassified service, regardless of the number of positions the person held in the unclassified service.* Reinstatement to a position in the unclassified service shall be to a position substantially equal to that position in the classified service held previously, as certified by the director of administrative services.  If the position the person previously held in the classified service has been placed in the unclassified service or is otherwise unavailable, the person shall be appointed to a position in the classified service within the appointing authority's agency that the director of administrative services certifies is comparable in compensation to the position the person previously held in the classified service."  (Emphasis added.)

**{¶ 22}** In interpreting R.C. 124.11(D), our paramount concern is legislative intent.  See *State ex rel. United States Steel Corp. v. Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶ 12.  To determine this intent, we read words and phrases in context according to the rules of grammar and common usage.  R.C. 1.42; *State ex rel. Cincinnati Bell Tel. Co. v. Pub. Util. Comm.*, 105 Ohio St.3d 177, 2005-Ohio-1150, 824 N.E.2d 68, ¶ 31.

**{¶ 23}** Reading the applicable words of R.C. 124.11(D) in context, we conclude that Asti has an unqualified right to resume his previous position in the classified service. Asti was appointed to an unclassified position from a classified position pursuant to R.C. 124.11(D). " '[T]he word "shall" shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that [it] receive a construction other than [its] ordinary usage.' " (Brackets sic.) *Ohio Civ. Rights Comm. v. Countrywide Home Loans, Inc.*, 99 Ohio St.3d 522, 2003-Ohio-4358, 794 N.E.2d 56, ¶ 4, quoting *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus. The "shall" in R.C. 124.11(D) clearly requires a mandatory construction.

**{¶ 24}** In addition, "retain" means "to hold or continue to hold in possession or use," and "resume" means to "begin again." Webster's Third New International Dictionary (1986) 1938 and 1937.

**{¶ 25}** Thus, a person appointed to the unclassified service under R.C. 124.11(D) holds the legal right to begin his previous classified position again. This right is not conditioned upon any additional triggering event, and its exercise is not restricted to any particular time or event. Consequently, R.C. 124.11(D) vests an unqualified right in a person so appointed at any time after appointment to the unclassified position under this section.

**{¶ 26}** The court of appeals determined that because R.C. 124.11(D) is silent as to the circumstances or events that would trigger fallback rights, Asti – and similarly situated classified employees appointed to unclassified positions – had no clear legal right to exercise these rights. But the statute is not silent – the event that triggers the vesting of the right of reinstatement to the previous classified position is the initial appointment to an unclassified position. And the lack of any other conditions on the exercise of that right manifests the General Assembly's intent that it may be exercised upon demand by the employee.

Further, an employee like Asti who subsequently accepts additional unclassified positions does not thereby waive entitlement to resume the fallback, classified position. R.C. 124.11(D) specifies that the right continues "regardless of the number of positions the person held in the unclassified service."

{¶ 27} This interpretation is supported by Ohio Adm.Code 123:1-5-03(C), which specifies that "[u]nclassifed appointments made pursuant to division (D) of section 124.11 of the Revised Code may be rescinded by the appointing authority or upon the request of the employee." The court of appeals mistakenly interpreted this provision to mean that "rescission of the appointment to the unclassified service is entirely permissive, not mandatory, including when it is the employee who desires rescission." It is certainly true that "usage of the term 'may' is generally construed to render optional, permissive, or discretionary the provision in which it is embodied." *State ex rel. Niles v. Bernard* (1978), 53 Ohio St.2d 31, 34, 7 O.O.3d 119, 372 N.E.2d 339; *Natl. City Bank v. Beyer* (2000), 89 Ohio St.3d 152, 159, 729 N.E.2d 711. But its use in the administrative rule vests the discretionary authority to rescind the unclassified appointment in both the appointing authority and the employee, i.e., the rescission may be executed *at the option of either the appointing authority or the employee upon request.* Cf. *Crock Constr. Co. v. Stanley Miller Constr. Co.* (1993), 66 Ohio St.3d 588, 593, 613 N.E.2d 1027, fn. 2 ("It is apparent that the discretionary connotations of the word 'may' go to what must be done *if* a mechanic's lien is desired, not to the question whether the specific steps enumerated are mandatory") (emphasis sic).

{¶ 28} Adoption of the court of appeals' and appellees' interpretation of R.C. 124.11(D) and Ohio Adm.Code 123:1-5-03(C) would render nugatory the R.C. 124.11(D) right to reinstatement to the classified service. Under their interpretations, employees who accept unclassified positions would either have no enforceable legal right to resume their previous classified position or their right could be enforced only when an employee faced termination from employment.

And if Ohio Adm.Code 123:1-5-03(C) does not authorize employees to rescind their appointment to the unclassified service – as the court of appeals held – it would also not authorize appointing authorities to do so. We must construe the applicable statute and rule to avoid such unreasonable or absurd results. See, e.g., *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 42; *State ex rel. Gaydosh v. Twinsburg* (2001), 93 Ohio St.3d 576, 580, 757 N.E.2d 357; R.C. 1.47(C).

{¶ 29} Moreover, the court of appeals' and appellees' interpretation would in effect delete the statutory language that the person appointed to the unclassified service "shall retain the right to resume the position and status held by the person in the classified service immediately prior to the person's appointment to the position in the unclassified service" or add language that "this right can be exercised only at the discretion of the appointing authority" or "this right can be exercised only when an employee is being terminated." Insofar as Asti also argues that the right can be exercised only upon demotion or other adverse employment action, he too would add language to R.C. 124.11(D) that is not contained therein. We cannot, however, add or delete words to R.C. 124.11(D). *State ex rel. Lee v. Karnes*, 103 Ohio St.3d 559, 2004-Ohio-5718, 817 N.E.2d 76, ¶ 25.

{¶ 30} As Judge John G. Roberts Jr. observed in a unanimous opinion for the United States Court of Appeals for the District of Columbia Circuit, "the Supreme Court has consistently instructed that statutes written in broad, sweeping language should be given broad, sweeping application." *Consumer Electronics Assn. v. Fed. Communications Comm.* (C.A.D.C.2003), 347 F.3d 291, 298. Had the General Assembly intended to limit the R.C. 124.11(D) fallback right, it would have so provided, as it has in other provisions. See, e.g., R.C. 5120.38 ("*Upon being relieved of the person's duties as managing officer*, the person shall be reinstated to the position in the classified service that the person held

immediately prior to the appointment to the position of managing officer or to another position that the director, with approval of the state department of administrative services, certifies as being substantially equal to that prior position" (emphasis added)); see, also, R.C. 5120.381 and 5120.382. Because R.C. 124.11(D) contains no comparable qualifying language concerning the exercise of fallback rights, it should be accorded the broad, sweeping scope contemplated by its plain language.

{¶ 31} Furthermore, as Asti notes, R.C. 124.11(D) is a remedial provision that protects state employees when they move from classified positions, from which they may be terminated only for just cause, to unclassified, terminable-at-will positions. It provides appointing agencies like DYS with a broader pool of experienced applicants for upper level, unclassified positions by offering civil-service protection to those classified employees appointed to unclassified positions. See R.C. 1.11 ("Remedial laws * * * shall be liberally construed in order to promote their object"). These statutory purposes are furthered by according R.C. 124.11(D) its plain meaning.

{¶ 32} Finally, Asti did not waive his entitlement to this fallback position by arguing below that his statutory entitlement to fall back to his previous classified position was not premised on actions subsequent to his December 16, 2002 demotion. His questions concerning his fallback rights at the December 16, 2002 meeting with appellees were tantamount to a request to resume his fallback position in the classified service.

{¶ 33} Therefore, based on the manifest language of R.C. 124.11(D) and Ohio Adm.Code 123:1-5-03(C), Asti established a clear legal right to reinstatement to his Fiscal Officer 4 classified position or a substantially equal position and a clear legal duty on the part of DYS and its director to so reinstate him. " '[W]hen the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it

according to its terms.' " *Lamie v. United States Trustee* (2004), 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024, quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.* (2000), 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1. Because the court of appeals failed to apply the plain language of the pertinent provision, its denial of the writ is reversed.

Mandamus:

Collateral Estoppel

{¶ 34} Asti argues in the alternative that his entitlement to reinstatement is established by certain language in the administrative law judge's report recommending that the State Personnel Board of Review dismiss his appeal from his demotion. We need not address this argument because it is rendered moot by our disposition of Asti's first claim. See, e.g., *PDK Laboratories, Inc. v. United States Drug Enforcement Administration* (C.A.D.C.2004), 362 F.3d 786, 799 (Roberts, J., concurring in part and in the judgment) ("This is a sufficient ground for deciding this case, and the cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more — counsels us to go no further").

Conclusion

{¶ 35} Based on the foregoing, the court of appeals erred by not granting Asti a writ of mandamus to compel his reinstatement to his Fiscal Officer 4 classified position or a substantially equal position. Because the court of appeals' error prevented it from addressing Asti's remaining claims, e.g., back pay and attorney fees, a remand is warranted. Accordingly, we reverse the judgment of the court of appeals and remand for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

_____

Buckley King, James E. Melle, and Donell R. Grubbs, for appellant.

Jim Petro, Attorney General, Jack W. Decker, and Nicole S. Moss, Assistant Attorneys General, for appellees.

_____