{¶ 1} Plaintiff-Appellant, the State of Ohio, appeals a judgment of the Champaign County Common Pleas Court, Juvenile Division adjudicating B. W. not guilty of Endangering Children and Domestic Violence. The State asserts that the trial court erred in finding that a parent's alleged excessive use of corporal punishment is not within the scope of R.C. 2919.22(A), and that actions that do not result in injury do not constitute a violation of R.C. 2919.25. Finding that the trial court made no rulings as set forth by the State, and that the State has no right to appeal the final verdict of the juvenile court in a delinquency case, we affirm the judgment of the trial court.
 {¶ 2} On July 25, 2005, B. W., together with his girlfriend, A. L., and their eight-month old daughter were shopping at Sav-A-Lot in Urbana, Ohio. During checkout, and on the way to his vehicle, B. W. allegedly shook and slapped his daughter for picking up items from during the checkout. Another customer in the store called 9-1-1 after B. W. left, giving the dispatcher the license plate number on his vehicle. An Urbana police officer, who subsequently stopped the vehicle, noted no visible marks on the child. B.W., the mother and the child were then removed to the Urbana Police Department.
 {¶ 3} At the Urbana Police Department, the officer conducted a more thorough examination of the child together with a representative of Children's Services; however, again no visible marks were detected. At the request of Children's Services, the child was then transported to Dayton Children's Hospital, for further examination for any potential injuries from being shaken. That examination determined that the child had no injuries.
 {¶ 4} Due to an altercation with the arresting officer, B.W. was charged with assault on a police officer, R.C. 2903.13(A), resisting arrest, R.C. 2921.33(B), and obstructing official business, R.C.2921.31. He was also charged with endangering children, R.C. 2919.22(A), and domestic violence, R.C. 2919.25, the alleged offenses giving rise to the initial stop. B.W. subsequently admitted the obstructing official business charge, and the state dismissed the assault and resisting arrest charges.
 {¶ 5} Thereafter, on September 23, 2005, an adjudicatory hearing was held on the endangering children and domestic violence charges. At the conclusion of the hearing, the trial court found, with regards to the endangering children charge, that "the Court was not convinced, beyond a reasonable doubt, that the baby was actually shaken or if shaken[,] to any significant extent. And the slaps, alleged on the hand or arm and possibly leg, do not appear to pose a `substantial risk' [to the health and safety of the child]." With regards to the domestic violence charge, the trial court found that "the child * * * was not injured. Thus no physical harm was caused. * * * And there was no attempt. The acts of alleged harm actually occurred and were not merely attempted." Based upon those findings, the trial court found B.W. not guilty and dismissed the charges.
 {¶ 6} The State filed a motion for leave to appeal, pursuant to R.C.2945.67, alleging that it was appealing substantive rulings of law by the trial court. This court granted leave on November 30, 2005.
 {¶ 7} The State did not originally enjoy a right of appeal from any order or judgment in a criminal case. To balance this disparity between the rights of the accused and the accuser, the General Assembly enacted R.C. 2945.67. State v. Davidson (1985), 17 Ohio St.3d 132. Because Section 3(B)(2), Article IV of the Ohio Constitution provides courts of appeal with only such jurisdiction as is "provided by law," the prosecutor may appeal in a criminal case only where there is express statutory authority. State ex rel. Leis v. Kraft (1984),10 Ohio St.3d 34. That authority is set forth in R.C. 2945.67(A), which provides in pertinent part: "A prosecuting attorney * * * may appeal by leave of court to which the appeal is taken any other decision, except the final verdict * * * of the juvenile court in a delinquency case."
 {¶ 8} Nonetheless, the Supreme Court has held that "[a] court of appeals has discretionary authority, pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed."State v. Bistricky (1990), 51 Ohio St.3d 157, syllabus. In other words, the Court of Appeals has discretionary authority to review the substantive rulings of the trial court; however, the judgment of acquittal must be affirmed. Therefore, pursuant to the leave granted, we will address the assignments of error presented by the State.
 First Assignment of Error The juvenile court erred when it found that a parent's use of excessive corporal punishment and discipline is not within the scope of R.C. 2919.22(A).
 {¶ 9} Appellant hinges this assignment of error on dicta contained in the trial court's judgment entry. The trial court unnecessarily points out that the evidence presented might tend to establish a violation of R.C. 2919.22(B)(3), an offense that was not charged by the State.
 {¶ 10} Statements of the trial court will not be given preclusive effect when the statements were made in the course and context of deciding a wholly different issue than the one presented to it; that is, when the statements amount to nothing more than "inartful dicta unnecessary to the judgment." Rabin v. Anthony Allega Cement Contractor,Inc., Franklin App. No. 00AP-1200, 2001-Ohio-4057; State ex rel. Asti v.Ohio Dept. of Youth Services, 2004-Ohio-6832, ¶ 16, reversed on other grounds, 107 Ohio St.3d 262, 2005-Ohio-6432.
 {¶ 11} In the present case, the trial court's commentary regarding whether the evidence might support a conviction on a different charge was unnecessary to its determination that the evidence failed to convince the court beyond a reasonable doubt as to the offense charged. Therefore, we accord no preclusive effect to the statements and regard the same as mere dicta.
 {¶ 12} B.W. was charged with endangering children in violation of R.C.2919.22(A). This offense requires the state to prove that a "parent * * * create[d] a substantial risk to the health or safety of the child, by violating a duty of care, protection or support." In response to the evidence, the trial court found that it was not convinced beyond a reasonable doubt that the child was shaken; and that the other discipline alleged did not appear to pose a substantial risk to the health or safety of the child. These are the findings of the trial court necessary to acquit B.W. of the offenses charged, and the dicta expressed by the trial court does not amount to a "substantive law ruling."
 {¶ 13} Appellant's first assignment of error is overruled.
 Second Assignment of Error
The juvenile court's holding that the domesticviolence statute, R.C. 2919.25, is not violated whena defendant's actions do not result in injury iserroneous and inconsistent with existing case law.
 {¶ 14} Again, the State attempts to cast the trial court's verdict in the case in terms of a ruling on a matter of law, when the court clearly based its decision upon the evidence as measured against the charge that was filed.
 {¶ 15} R.C. 2919.25, as charged herein, requires the State to prove that B.W. knowingly caused or attempted to cause physical harm to a family member. In considering the evidence, the trial court found that the child was examined by a doctor and was not injured; that no physical harm was caused; and that there were no acts that constituted attempts to cause physical harm.
 {¶ 16} The State's attempt to characterize this verdict as a ruling, as a matter of law, that acts that do not result in physical harm cannot support a violation of R.C. 2919.25(A) is simply a mischaracterization of the trial court's ruling. The evidence presented by the State, as pointed out by the trial court, was insufficient to establish that the acts of B.W. caused or were meant to cause physical harm to the child. We recognize that an act may be violative of this statute, even if it did not cause physical harm to the child, if it was intended by the actor to cause physical harm. And the trial court did not expressly address this potential scenario in its judgment entry. However, absent an express statement to the contrary by the trial court, we cannot presume that the trial court made a substantive law ruling simply by noting that the trial court did not address this eventuality.
 {¶ 17} In State v. McNicholas, Hocking App. No. 02CA11, 2002-Ohio-6253, cited by the State, the Fourth District Court of Appeals confirmed this proposition, by finding that the trier of fact could infer that a child could be injured, even if she wasn't, when her father shook her and pushed her down. That is not, however, the scenario we have in this case. Herein, the trier of fact did not infer, from the evidence presented, that there was an intent to cause physical harm.
 {¶ 18} The State also cites our decision in State v. Tribble (Dec. 1, 2000), Montgomery App. No. 18252, unreported, in support of its proposition. However, in that case, like in McNicholas, we affirmed the trial court's inference that physical harm was intended from an act. However, in neither McNicholas nor Tribble, is there any suggestion that the trier of fact does not have the discretion to view the evidence and either make or fail to make such an inference upon the particular evidence presented.
 {¶ 19} A review of the evidence in this case shows that there was no direct evidence of any act that might have caused physical harm, other than the evidence that the child was shaken. The only other evidence of such would be that the trier of fact might infer an intent to cause physical harm from a description of the other alleged acts of disciplining the child. Herein, the court found that the evidence was insufficient to find that the child was shaken. And all of the other evidence demonstrated that there were no marks on the child from any alleged slapping that might support an inference that the acts were intended to cause physical harm. Furthermore, the trial court previously ruled, in discussing the endangering children charge, that the alleged slapping did not appear to pose a substantial risk to the health or safety of the child. If the actions do not pose a substantial risk to the health or safety of the child, it is reasonable to presume that the same act is not intended to cause physical harm. Based upon the record before us, we find that the trial court made no substantive ruling of law that an act that does not cause physical harm cannot be violative of the statute charged.
 {¶ 20} Appellant's second assignment of error is overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Champaign County Common Pleas Court, Juvenile Division is hereby affirmed.
WOLFF, J., and DONOVAN, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).