THE STATE EX REL. GLASSTETTER, APPELLANT, *v.* REHABILITATION

SERVICES COMMISSION ET AL., APPELLEES.

[Cite as *State ex rel. Glasstetter v. Rehab. Servs. Comm.,*

**122 Ohio St.3d 432, 2009-Ohio-3507.]**

*Civil service — Redesignation of position as unclassified with no change in job*

*duties — Fallback rights inapplicable — R.C. 124.11(D).*

(No. 2008-2231 — Submitted May 19, 2009 — Decided July 23, 2009.)

APPEAL from the Court of Appeals for Franklin County, No. 08AP-56,

179 Ohio App.3d 196, 2008-Ohio-5755.

_____

**Per Curiam.**

**{¶ 1}** This is an appeal from a judgment denying a writ of mandamus to compel appellees, the Rehabilitation Services Commission and its executive director, to reinstate a former employee to her classified position as Human Resources Administrator 3 retroactively to June 21, 2006, with back pay and related benefits. Because appellant is not entitled to the requested extraordinary relief in mandamus, we affirm the judgment of the court of appeals.

**Glasstetter's State Employment**

**{¶ 2}** Appellant, Eydie Glasstetter, was employed beginning in 1992 by the state of Ohio in the unclassified position of Human Resources Administrator 2 at the Department of Commerce. She transferred to the Bureau of Employment Services, where she was promoted to Human Resources Administrator 3, another unclassified position.

**State Employment with Rehabilitation Services Commission**

**{¶ 3}** In 1998, the Rehabilitation Services Commission posted an opening for a job in the same Human Resources Administrator 3 position. The

job posting listed the position with the commission as a classified position. Glasstetter transferred into that position in October 1998.

{¶ 4}   In April 2006, appellee John M. Connelly, the executive director of the commission, told her that he wanted to redesignate her position as unclassified.  Connelly is the appointing authority for the commission.  Connelly had concluded that based on the duties performed by Glasstetter in her Human Resources Administrator 3 job, she was in the unclassified service, but had erroneously been designated as being in the classified service.  Glasstetter claimed that Connelly offered her the following choice ─ either (1) she could remain classified and the commission would hire another employee with the same classification and duties who would be above her or (2) she could agree to the redesignation of the position as unclassified.

{¶ 5}   Although she objected, Glasstetter ultimately consented to "go unclassified because it was not a risk."  She claimed that Connelly responded that she was right because she had "fallback rights."   Directed by Connelly to complete the paperwork necessary to redesignate her position as unclassified, Glasstetter executed a written acknowledgement on May 22 accepting the commission's redesignation of her position as unclassified:

{¶ 6}   "I hereby accept the redesignation of my position of Human Resource Administrator 3.  I understand that the position, effective 5-29-06, has been designated as unclassified by the Rehabilitation Services Commission.  I acknowledge that the position is in the unclassified civil service of the State of Ohio pursuant to Ohio Revised Code section 124.11(A)(9).  I further understand that I may be entitled to 'fall-back' rights under Ohio Revised Code section 124.11(D)."

**Removal from State Employment and Appeals to SPBR**

{¶ 7}   A few days after Glasstetter was redesignated as an unclassified employee, Connelly requested that she be investigated.   Glasstetter was

subsequently notified that she was the target of a disciplinary investigation. Through her attorney, Glasstetter then advised Connelly that she was exercising "her fallback rights to resume the same classified position and status held immediately prior to her forced appointment to the unclassified service." Connelly rejected Glasstetter's claim that she was entitled to fallback rights.

{¶ 8} In August 2006, Connelly notified Glasstetter that based upon the investigative report, he was considering terminating her from her employment with the commission. He provided Glasstetter with the opportunity to submit any statement and documentation to prevent her termination. Glasstetter submitted a statement generally denying that she had done anything wrong or that the commission had just cause for her removal. Effective August 21, 2006, Connelly terminated Glasstetter from her position of Human Resources Administrator 3. She appealed the removal order to the State Personnel Board of Review ("SPBR").

{¶ 9} The commission issued another order in December 2006 specifying that based on the investigative report, Glasstetter had been removed from her position for cause pursuant to R.C. 124.34, i.e., for "[d]ishonesty, failure of good behavior & engaging in retaliatory conduct." Glasstetter also appealed that order to SPBR.

{¶ 10} SPBR determined in both appeals that it lacked jurisdiction to review Glasstetter's claim that she had been denied her fallback rights. SPBR stayed the appeals to allow the parties the opportunity to resolve the issue through a mandamus action.

**Federal Case**

{¶ 11} In February 2007, Glasstetter filed a complaint in the United States District Court for the Southern District of Ohio, Eastern Division, against the commission, Connelly, and another commission administrator. She raised both federal and state claims, including that appellees had refused to recognize her

fallback rights, and requested damages and reinstatement to her fallback position of Human Resources Administrator 3. In March 2008, the federal district court granted partial judgment on the pleadings in favor of the defendants. *Glasstetter v. Rehabilitation Servs. Comm.* (Mar. 28, 2008), S.D. Ohio case No. 2:07-cv-125, 2008 WL 886137. The court rejected Glasstetter's claim that she had been denied her fallback rights. Id. at *8-10.

### Mandamus Case

**{¶ 12}** In January 2008, Glasstetter filed a complaint in the Court of Appeals for a writ of mandamus to compel the commission and Connelly to honor her fallback rights and to reinstate her to the position of Human Resources Administrator 3 in the classified service effective June 2006. Glasstetter also requested an award of back pay and benefits. Appellees filed an answer, and the parties filed motions for summary judgment.

**{¶ 13}** In November 2008, the court of appeals granted appellees' motion for summary judgment and denied the writ. The court of appeals reasoned that Glasstetter had no fallback rights under R.C. 124.11(D), that appellees were not estopped from denying these rights to her, and that Glasstetter's remaining claims were properly left to the SPBR in her pending administrative appeals.

**{¶ 14}** This cause is now before the court upon Glasstetter's appeal as of right.

### Mandamus Requirements

**{¶ 15}** To be entitled to the requested writ, Glasstetter must establish a clear legal right to the requested relief, a corresponding clear legal duty on the part of the commission and Connelly to provide it, and the lack of an adequate remedy in the ordinary course of the law. See, e.g., *State ex rel. Myles v. Brunner*, 120 Ohio St.3d 328, 2008-Ohio-5097, 899 N.E.2d 120, ¶ 10.

### R.C. 124.11(D) Fallback Provision

**{¶ 16}** Glasstetter claims that the court of appeals erred in denying the writ because R.C. 124.11(D) conferred a right upon her to reinstatement to her classified position. Because she had no right to appeal appellees' alleged denial of her statutory fallback rights, the dispositive issue in resolving Glasstetter's mandamus claim is whether she established a clear legal right to the classified position and a corresponding clear legal duty on the part of the commission and its executive director to reinstate her to that position. See R.C. 124.03; *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 18-19.

**{¶ 17}** The applicable version of R.C. 124.11(D) provides:

**{¶ 18}** "An appointing authority whose employees are paid directly by warrant of the auditor of the state may appoint a person who holds a certified position in the classified service within the appointing authority's agency to a position in the unclassified service within that agency. A person appointed pursuant to this division to a position in the unclassified service shall retain the right to resume the position and status held by the person in the classified service immediately prior to the person's appointment to the position in the unclassified service, regardless of the number of positions the person held in the unclassified service. Reinstatement to a position in the classified service shall be to a position substantially equal to that position in the classified service held previously, as certified by the director of administrative services." 2000 Sub.S.B. No. 173, 148 Ohio Laws, Part IV, 9392-9393.

**{¶ 19}** In construing R.C. 124.11(D), "our paramount concern is the intent in enacting" it. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 17. We discern intent by reading words and phrases in context and in accordance with the rules of grammar and common usage. *State ex rel. Lorain v. Stewart*, 119 Ohio St.3d 222, 2008-Ohio-4062, 893 N.E.2d 184, ¶ 35. In common usage, "appoint" means "to assign, designate, or

set apart by authority," "position" is defined as "the group of tasks and responsibilities making up the duties of an employee," and "reinstatement" means "the action of reinstating (as in a post or position formerly held but relinquished)." Webster's Third New International Dictionary (2002) 105, 1769, and 1915; cf. Ohio Adm.Code 123:1-47-01(A), which provides comparable definitions for purposes of administrative rules relating to state employment.

{¶ 20} As both the court of appeals and the federal district court concluded, Glasstetter was never appointed to a position in the unclassified service. That is, she was never assigned to a separate position with different job duties. Instead, throughout her employment with the Rehabilitation Services Commission, Glasstetter remained in the same position ─ Human Resources Administrator 3 ─ with the same job duties. Moreover, she was never separated from that position. As the federal district court determined, there was thus "no position for her to 'fall back' to, other than the one she already occupied." *Glasstetter*, S.D. Ohio No. 2:07-cv-125, 2008 WL 886137, at *8.

{¶ 21} And as the federal district court further noted, Glasstetter's contentions also fail "from a practical perspective":

{¶ 22} "If, as [Glasstetter] contends, 'fallback rights' applied not only to an 'appointment' to a different position, but also to a status re-designation of the same position, the effect would be to make any erroneous designation as 'classified' a permanent and binding one. Once an employee's status was described as 'classified,' a public employer could never effectively 'correct' the mis-designation, because an employee could always 'fall back' to a classified status in the very same position the employee had always occupied. An outgoing administration could hamstring the incoming one simply by designating all its political appointees as 'classified.' When the incoming administration attempted to replace them, the appointees could claim to 'fall back' to classified status in the

very same high-ranking policy-making jobs they had occupied moments before." *Glasstetter*, 2008 WL 886137, at *9.

{¶ 23} The result is thus consistent with our duty to construe statutes to avoid unreasonable results. R.C. 1.47(C); see also *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 31.

{¶ 24} Glasstetter's reliance on *Asti*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, *Leibson v. Ohio Dept. of Mental Retardation & Dev. Disabilities* (1992), 84 Ohio App.3d 751, 618 N.E.2d 232, and *Esselburne v. Ohio Dept. of Agriculture* (1985), 29 Ohio App.3d 152, 29 OBR 180, 504 N.E.2d 434, in support of her claimed entitlement to fallback rights under R.C. 124.11(D) is misplaced. The dispositive issue in *Asti* was whether a state employee ever had any fallback rights, and we held that under the applicable version of R.C. 124.11(D), the employee had an unqualified right to ensure his previous position in the classified service or a substantially similar position. Id. at ¶ 25-26. In addition, the employee in *Asti* was appointed to an unclassified position of bureau chief. Id. at ¶ 3. *Leibson* is distinguishable because it did not involve R.C. 124.11(D), and the classified employee there was promoted to an unclassified position. In *Esselburne*, 29 Ohio App.3d at 160, the court reasoned that a classified position can be changed to an unclassified one where the employee is a fiduciary employee under R.C. 124.11(A)(9).

{¶ 25} Therefore, because Glasstetter is not entitled to fallback rights under R.C. 124.11(D), she is not entitled to the writ of mandamus ordering her reinstatement to her classified position of Human Resource Administrator 3 within the commission.

### Remaining Claims

{¶ 26} Glasstetter also raises various other claims, including that she could not have been redesignated as an unclassified employee absent her

voluntary consent and that the commission and its executive director did not properly remove her from her employment with the commission.

{¶ 27} Mandamus will not issue if there is a plain and adequate remedy in the ordinary course of law. R.C. 2731.05. "An administrative appeal generally provides an adequate remedy in the ordinary course of law that precludes extraordinary relief in mandamus." *State ex rel. Hilltop Basic Resources, Inc. v. Cincinnati*, 118 Ohio St.3d 131, 2008-Ohio-1966, 886 N.E.2d 839, ¶ 23. "Mandamus may not be employed as a substitute for a civil-service appeal." *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, 862 N.E.2d 104, ¶ 9.

{¶ 28} Glasstetter has an adequate remedy by her pending appeals to the SPBR and further appeal to the court of common pleas from any adverse SPBR decisions to raise her claims that she remained a classified employee and that she was improperly removed from the classified service. See *State ex rel. Baker v. State Personnel Bd. of Review* (1999), 85 Ohio St.3d 640, 644, 710 N.E.2d 706; *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 474, 605 N.E.2d 37. Therefore, she is not entitled to a writ of mandamus on her remaining claims.

### Conclusion

{¶ 29} For the foregoing reasons, Glasstetter failed to establish her entitlement to the requested extraordinary relief in mandamus. We affirm the judgment of the court of appeals denying the writ.

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., concurs in judgment only.

PFEIFER, J., dissents and would reverse the judgment of the court of appeals.

_____

Buckley King, L.P.A., and James E. Melle, for appellant.

Richard Cordray, Attorney General, and Jack W. Decker and Nicole S. Moss, Assistant Attorneys General, for appellees.

_____