[Cite as *State ex rel. Barley v. Ohio Dept. of Job & Family Servs.*, 132 Ohio St.3d 505, 2012-Ohio-3329.]

THE STATE EX REL. BARLEY, APPELLANT, *v.* OHIO DEPARTMENT OF JOB AND

FAMILY SERVICES ET AL., APPELLEES.

[Cite as *State ex rel. Barley v. Ohio Dept. of Job & Family Servs.,*

**132 Ohio St.3d 505, 2012-Ohio-3329.]**

*Court of appeals' judgment denying writ of mandamus reversed—R.C.*
*124.11(D)—Fallback rights—Former employee entitled to be reinstated to*
*previous classified position.*

(No. 2011-1724—Submitted June 5, 2012—Decided July 25, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 10AP-186, 2011-Ohio-4205.

_____

**Per Curiam.**

**{¶ 1}** This is an appeal from a judgment denying appellant, Chris Barley,
a writ of mandamus to compel appellees, the Ohio Department of Job and Family
Services ("ODJFS") and its director, to reinstate Barley to his previous classified
position of human-services hearing manager with ODJFS. Because the court of
appeals erred in denying the requested extraordinary relief, we reverse the
judgment and remand the cause for further proceedings.

**Facts**

**{¶ 2}** Barley was hired by ODJFS in 1989 as a production-control
technician in the classified civil service. In 1990, he was promoted to the
classified position of production scheduler. In 1993, Barley graduated from law
school, and ODJFS promoted him to the classified position of hearing officer. In
1995, Barley was promoted to the classified position of senior staff attorney.

**{¶ 3}** In 1998, ODJFS promoted Barley to the classified position of
human-services program administrator, which had a working title of bureau chief

of state hearings. The previous bureau chief had also served in the classified civil service. Initially, the bureau of state hearings had only six employees, and the hearing supervisors and officers did not report to Barley but were instead supervised by the district directors of ODJFS's five regional offices. After a reorganization, however, the supervisors and officers were transferred to the bureau of state hearings and were under Barley's supervision.

{¶ 4} In that same year, ODJFS created a series of positions under the title human-services-hearings series, and the series was reviewed and approved by the Ohio Department of Administrative Services ("DAS"). Both ODJFS and DAS determined that all the positions in this new series were classified positions. In 1999, ODJFS laterally transferred Barley to the classified position of human-services hearing manager. In 2001, after serving his probationary period in the position, Barley became a certified human-services hearing manager, a classified position.

{¶ 5} In December 2004, following a reorganization in the ODJFS Office of Legal Services, Barley's supervisor, then ODJFS chief legal counsel Robert L. Mullinax, assigned him the additional duties of managing the department's administrative-appeal process, which had previously been managed by the office of legal services. Before these additional duties were assigned to Barley, he did not supervise the administrative-appeal hearing examiners and he was not the director's designee for issuing administrative-appeal decisions. Barley was not given any promotion or increased compensation for assuming these new responsibilities in addition to his existing duties, and he was not informed that the assumption of these duties would move his human-services hearing-manager position from the classified service to the unclassified service.

{¶ 6} In 2005, two anonymous letters sent to ODJFS alleged various violations of work policies by Barley, including misuse of a work computer and improper use of leave. An investigation of the alleged violations disproved most

of them, but substantiated two allegations concerning his use of leave and work time spent on personal matters. The investigator determined that Barley had misused personal leave by using it to cover time off needed in relation to a drunk-driving arrest. His supervisor had approved his leave request, even though he knew what Barley was using it for, but neither he nor Barley knew that such a use violated state policy. The investigator also determined that Barley had used state time to work on a coworker's divorce.

{¶ 7} In December 2005, ODJFS suspended Barley for ten work days for the violations of the code of conduct. Before that time, Barley had never been disciplined as an ODJFS employee. Barley appealed the suspension to the State Personnel Board of Review ("SPBR"). Upon his return from the suspension, ODJFS scheduled a meeting with him. Before that meeting, Barley sent an e-mail to his supervisor in which he advised him that he would consider taking a different position in the department. On March 6, 2006, after Barley refused to sign a last-chance agreement or, in the alternative, resign, ODJFS notified him that he was an unclassified employee and that it was removing him from his position. According to Barley's supervisor, Barley's position was not placed in the unclassified civil service until his removal. Barley appealed his removal to the SPBR.

{¶ 8} In Barley's appeal from his suspension, an SPBR administrative law judge ("ALJ") denied his request to present evidence necessary to determine the applicability of R.C. 124.11(D), which grants state employees who move from classified positions to unclassified positions the right to resume the classified position held before the appointment to the unclassified position ("fallback rights"), holding that it was irrelevant to the appeal. After conducting a hearing, the ALJ recommended that the SPBR find that Barley was an unclassified employee when he was suspended and dismiss his appeal for lack of jurisdiction. *See* R.C. 124.03 (the SPBR has jurisdiction to hear appeals brought by *classified*

employees).   The ALJ limited the evidence to a consideration of Barley's job duties for a period of 15 months before his suspension:

> Because case law has determined that an employee's actual job duties are the determinative factor of whether an employee is classified or unclassified, the testimony and evidence presented at record hearing was confined to information furthering the evidence of [Barley's] job duties over a period of approximately fifteen months prior to his suspension, September 2004 to December 2005.

{¶ 9}   In concluding that Barley was an unclassified employee at the time of his suspension, the ALJ emphasized the duties assigned to Barley in 2004, i.e., managing the administrative-appeal process and issuing final administrative-appeal decisions as the director's designee.   The SPBR adopted the ALJ's recommendation and dismissed Barley's appeal for lack of jurisdiction.   The Franklin County Court of Common Pleas affirmed the SPBR's dismissal of Barley's appeal from his suspension, and on further appeal, the Franklin County Court of Appeals affirmed the judgment of the common pleas court upholding the dismissal by rejecting Barley's new argument that he suffered a due-process violation when he was placed in the unclassified service without any notice:

> Both SPBR and the court of common pleas have determined that [Barley] was correctly placed in the unclassified service due to the nature and scope of his authority and job duties. That conclusion is no longer challenged in this appeal. If [Barley] is correctly placed in the unclassified service, [he] has not been deprived of a protected property interest that, under the due

process analysis * * *, would trigger the right to a pre-deprivation hearing. He can claim no deprivation from loss of his previous designation as classified, which did not reflect his actual status and could not control SPBR's review of his right to appeal. * * * SPBR correctly found that it lacked jurisdiction and dismissed this appeal by an unclassified employee.

*Barley v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 09AP-386, 2009-Ohio-5019, ¶ 14.

{¶ 10} An SPBR ALJ also recommended that Barley's appeal from his removal be dismissed based on the prior finding in his appeal from his suspension that he was an unclassified employee. The SPBR adopted the ALJ's recommendation and dismissed the appeal for lack of jurisdiction. The Franklin County Court of Common Pleas affirmed the SPBR's dismissal of Barley's appeal from his removal.

{¶ 11} In a separate administrative proceeding, the Unemployment Compensation Review Commission determined that Barley had been discharged from ODJFS without just cause, and it reversed the agency's denial of Barley's application for unemployment-compensation benefits. In concluding that ODJFS had discharged him without just cause, the board of review noted that there was little proof provided and that there were "no further problems with [Barley's] actions at the workplace after he served his suspension." An investigation by the Office of Disciplinary Counsel resulted in its determination that there was insufficient credible evidence to suggest that Barley had engaged in ethical misconduct.

{¶ 12} In March 2008, Barley requested that ODJFS recognize his fallback rights under R.C. 124.11(D). Barley claimed that he had an unqualified right to be placed in his prior human-services hearing-manager position "minus

the duties [he] accepted in December 2004, with back pay and benefits." ODJFS rejected his request.

{¶ 13} In February 2010, following the resolution of his administrative appeals from the suspension and removal, Barley filed a complaint in the Franklin County Court of Appeals for a writ of mandamus to compel ODJFS and its director to reinstate him to his fallback classified position of bureau chief of state hearings, i.e., the human-services hearing-manager position, without the additional responsibilities of managing the administrative-appeal process, and to pay him all back pay and lost benefits from the time he was unjustly removed from that position. Appellees filed an answer, and the parties submitted evidence and briefs.

{¶ 14} In August 2011, the court of appeals denied the writ. The court of appeals determined that although Barley was in an unclassified position when he was suspended and removed from his employment with ODJFS, he had never been "appointed" to the unclassified position and thus had no right under R.C. 124.11(D) to be reinstated to his previous classified position.

{¶ 15} This cause is now before the court on Barley's appeal as of right.

## Legal Analysis

### *Mandamus Requirements—Lack of Adequate Remedy*

{¶ 16} To be entitled to the requested extraordinary relief in mandamus, Barley had to establish a clear legal right to the requested relief, a corresponding clear legal duty on the part of ODJFS and its director to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 17} Barley claims that the court of appeals erred in denying the writ because R.C. 124.11(D) conferred a right upon him to be reinstated to his classified position of human-services hearing manager, without the additional duties assigned to him in 2004 that changed the position from the classified to the

unclassified civil service. Because he had no right to appeal ODJFS's denial of his statutory fallback rights, he lacks an adequate remedy in the ordinary course of law, and the dispositive issues are whether he established a clear legal right to the classified position and a corresponding clear legal duty on the part of the department and its director to reinstate him to that position. *See* R.C. 124.03 and 124.11(D); *State ex rel. Glasstetter v. Rehab. Servs. Comm.*, 122 Ohio St.3d 432, 2009-Ohio-3507, 912 N.E.2d 89, ¶ 16.

*Clear Legal Right and Clear Legal Duty:*

*R.C. 124.11(D) Appointment*

{¶ 18} The version of R.C. 124.11(D) that was in effect when the new duties concerning management of the department's administrative-appeals process were assigned to Barley in 2004 provided:

> An appointing authority whose employees are paid directly by warrant of the auditor of state may appoint a person who holds a certified position in the classified service within the appointing authority's agency to a position in the unclassified service within that agency. A person appointed pursuant to this division to a position in the unclassified service shall retain the right to resume the position and status held by the person in the classified service immediately prior to the person's appointment to the position in the unclassified service, regardless of the number of positions the person held in the unclassified service. Reinstatement to a position in the classified service shall be to a position substantially equal to that position in the classified service held previously, as certified by the director of administrative services.

2000 Sub.S.B. No. 173, 148 Ohio Laws, Part IV, 9388, 9392-9393.

{¶ 19} The court of appeals determined that ODJFS never "appointed" Barley to an unclassified position when it assigned him additional duties that changed his position from the classified service to the unclassified service.

{¶ 20} "In interpreting R.C. 124.11(D), our paramount concern is legislative intent." *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 22. To discern legislative intent, we "read words and phrases in context and construe them in accordance with rules of grammar and common usage." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 11. "In common usage, 'appoint' means 'to assign, designate, or set apart by authority,' 'position' is defined as 'the group of tasks and responsibilities making up the duties of an employee,' and 'reinstatement' means 'the action of reinstating (as in a post or position formerly held but relinquished).' " *Glasstetter*, 122 Ohio St.3d 432, 2009-Ohio-3507, 912 N.E.2d 89, ¶ 19, quoting *Webster's Third New International Dictionary* 105, 1769, and 1915 (2002).

{¶ 21} Moreover, " '[w]ords * * * that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.' " *Hoffman v. State Med. Bd. of Ohio*, 113 Ohio St.3d 376, 2007-Ohio-2201, 865 N.E.2d 1259, ¶ 26, quoting R.C. 1.42. Ohio Adm.Code 124-1-02(E) defines "appointment" as the "placement of an employee in a position," and Ohio Adm.Code 124-1-02(S) defines "position" as "a group of duties intended to be performed by an employee."

{¶ 22} From these definitions, it is evident that a position's status as classified or unclassified cannot be determined without considering the duties associated with the position. This is consistent with our longstanding precedent that the job title or position classification used by the appointing authority is not dispositive on the issue whether a public employee is in the classified or unclassified service and that the true test requires an examination of the duties

actually delegated to and performed by the employee. *In re Termination of Emp. of Pratt*, 40 Ohio St.2d 107, 113-114, 321 N.E.2d 603 (1974); *State ex rel. Emmons v. Lutz*, 131 Ohio St. 466, 469, 3 N.E.2d 502 (1936) ("However, it must be clear that a mere title is not at all conclusive. The true test is the duty actually delegated to and performed by an employee"); *Yarosh v. Becane*, 63 Ohio St.2d 5, 406 N.E.2d 1355 (1980), paragraph two of the syllabus ("The State Personnel Board of Review has jurisdiction over appeals from removals of public employees if it determines that such employees are in the classified service, regardless of how they have been designated by their appointing authorities").

{¶ 23} Therefore, when ODJFS assigned additional duties to Barley that changed his position from the classified service to the unclassified service, it appointed him to the unclassified position, regardless of whether his position title remained the same. ODJFS placed its employee, Barley, in an unclassified position by assigning him duties that took the group of duties to be performed by him outside the classified service. This finding is consistent with the SPBR's and the court of common pleas' determination in Barley's administrative appeal from his suspension that he had been placed by ODJFS in the unclassified service. *See Barley*, 10th Dist. No. 09AP-386, 2009-Ohio-5019, ¶ 14; *see also Glasstetter*, 122 Ohio St.3d 432, 2009-Ohio-3507, 912 N.E.2d 89, ¶ 20, where we affirmed a court of appeals' rejection of a state employee's mandamus claim based on R.C. 124.11(D) because she "was never appointed to a position in the unclassified service. That is, she was never assigned to a separate position with *different job duties*. Instead, throughout her employment * * *, [she] remained in the same position * * * *with the same job duties*." (Emphases added.)

{¶ 24} Barley's isolated statement from a March 2008 letter to ODJFS reasserting his fallback rights that he "was never appointed to the unclassified civil service, and was always considered and treated as a classified employee" does not warrant a different conclusion because at the time the letter was written,

his administrative appeals in which he had been arguing that he was improperly suspended and removed from his classified position remained pending. In that limited context, as the court of appeals acknowledged, Barley's statement was not a legally binding admission for purposes of his subsequent mandamus claim.

{¶ 25} Moreover, a contrary conclusion upholding the court of appeals' judgment would permit state employers desiring to remove classified employees without the just cause required by R.C. 124.34 to change the employees' job classification to the unclassified service by adding new duties that are inconsistent with classified service, which would then both deprive the employees of the ability to contest any removal from state employment and simultaneously strip them of their R.C. 124.11(D) statutory right to fall back to their prior classified positions. In effect, state employers could decide which employees would have fallback rights and which employees would not. The General Assembly could not have intended such an unreasonable result. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 25 (courts construe statutes and rules to avoid unreasonable or absurd results); *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 131 Ohio St.3d 478, 2012-Ohio-1484, 967 N.E.2d 193, ¶ 19, quoting *State ex rel. Saltsman v. Burton*, 154 Ohio St. 262, 268, 95 N.E.2d 377 (1950) (" 'Statutes must be construed, if possible, to operate sensibly and not to accomplish foolish results' ").

{¶ 26} Finally, this result is consistent with our duty to liberally construe the R.C. 124.11(D) fallback provision.

> R.C. 124.11(D) is a remedial provision that protects state employees when they move from classified positions, from which they may be terminated only for just cause, to unclassified, terminable-at-will positions. It provides appointing agencies * * * with a broader pool of experienced applicants for upper level,

> unclassified positions by offering civil-service protection to those classified employees appointed to unclassified positions.

*Asti*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 31; *see also* R.C. 1.11 ("Remedial laws * * * shall be liberally construed in order to promote their object"). Adopting the court of appeals' construction of this provision would permit employers to move employees in the classified service to the unclassified service by adding duties without the employees' consent and would prevent the employees from challenging any subsequent removal from that position or from invoking the right to fall back to the classified-service position they held before the additional duties were forced upon them.

{¶ 27} Therefore, the court of appeals erred in determining that Barley could not establish his entitlement to the R.C. 124.11(D) right to fall back to his previous classified position as human-services hearing manager because he was not appointed to an unclassified position when he was assigned the additional duties that took his position out of the classified civil service. This result is dictated by the plain language of the applicable statutory and rule provisions, the manifest intent of the General Assembly in enacting R.C. 124.11(D), and our duty to liberally construe this important statutory right.

### Clear Legal Right and Clear Legal Duty:
### R.C. 124.11(D) Applicability

{¶ 28} ODJFS argues that even if Barley can establish that the department appointed him to an unclassified position, he is still not entitled to the requested extraordinary relief in mandamus, because he was appointed to the unclassified position in 1998, which, ODJFS argues, was before the law was amended to provide classified employees with fallback rights.

{¶ 29} The court of appeals held that because Barley was never "appointed" to an unclassified position, "any arguments and objections relating to

whether [he] held a classified position from 1998-2004 are moot." Yet the court of appeals went on to adopt its magistrate's resolution of the remaining issues. The magistrate had determined that res judicata precluded Barley's claim that his position had not changed to unclassified until he was assigned new duties by his boss in December 2004 because he either raised or could have raised that contention in his previous administrative appeals.

{¶ 30} It is true that "[r]es judicata, whether claim preclusion or issue preclusion, applies to quasi-judicial administrative proceedings." *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, 905 N.E.2d 1210, ¶ 29; *State ex rel. Varnau v. Wenninger*, 128 Ohio St.3d 361, 2011-Ohio-759, 944 N.E.2d 663, ¶ 11. But the court of appeals erred in concluding that Barley could have raised the issue of whether he was a classified employee in 1998 in his previous administrative appeals. Those appeals were limited to the issue whether Barley was a classified employee when he was suspended and ultimately removed from his employment with ODJFS in 2005 and 2006. In fact, when Barley attempted to raise the issue of his fallback rights under R.C. 124.11(D) in his first administrative appeal, his attempt was rejected and the SPBR expressly limited the appeal to a consideration of his job duties from September 2004 to December 2005. Barley's classified status in 1998 was irrelevant to his administrative appeals. Therefore, the court of appeals erred in concluding that res judicata barred Barley's contention that he was entitled to fallback rights.

{¶ 31} Moreover, the evidence establishes that Barley was a classified employee until the addition of duties related to managing the administrative-appeal process in December 2004. His position was consistently designated by both ODJFS and DAS as being in the classified service, and the SPBR, in its decision in Barley's administrative appeal from his suspension, relied heavily on the duties assigned to him in December 2004 to determine that he was an

unclassified employee at the time he was suspended in December 2005. The affidavit evidence presented in the court of appeals—including the affidavit of Barley's boss, then ODJFS chief legal counsel—supported this conclusion.

{¶ 32} Therefore, the court of appeals further erred insofar as it determined that Barley was not entitled to fallback rights because he was not a classified employee when these rights became effective.

## Conclusion

{¶ 33} Based on the foregoing, Barley has established that he is entitled to a writ of mandamus to compel ODJFS and its director to reinstate him to his previous classified position of human-services hearing manager or a substantially equal position, without the duties assigned to him in December 2004 that moved his position into the unclassified service. Because the court of appeals erred in holding otherwise, we reverse the judgment and remand the cause to that court to grant the writ and to determine Barley's remaining claims, e.g., back pay and lost benefits. *Asti*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 35.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

LANZINGER, J., dissents.

_____

**LANZINGER, J., dissenting.**

{¶ 34} I respectfully dissent and would adopt the reasoning of the court of appeals in denying the writ of mandamus. The majority now holds that a classified public employee who is given additional duties so that his position is recharacterized as unclassified has fallback rights under R.C. 124.11(D). The redesignation of status is not an appointment to a position as contemplated by the fallback statute.

{¶ 35} The court of appeals determined that Barley had never been "appointed" to the unclassified position and thus had no right under R.C. 124.11(D) to be reinstated to his previous classified position. R.C. 124.11 was amended effective March 30, 1999, to include section (D), which provides:

An appointing authority * * * *may appoint* a person who holds a certified position in the classified service within the appointing authority's agency *to a position in the unclassified service* within that agency. *A person appointed* pursuant to this division *to a position in the unclassified service* shall retain the right to resume the position and status held by the person in the classified service immediately prior to the person's *appointment to the position* in the unclassified service, regardless of the number of positions the person held in the unclassified service.

(Emphases added.)

{¶ 36} Thus the statute speaks of an appointment to a position. Barley stated in his March 13, 2008 letter when he reasserted his fallback rights:

I am writing to re-assert my fallback rights, as provided by Ohio Rev. Code 124.11(D). *Although I was never appointed to the unclassified civil service*, and was always considered and treated as a classified employee, I was removed as an unclassified employee during the Taft administration on March 6, 2006.

(Emphasis added.)

{¶ 37} Barley himself recognizes that he was never appointed to an unclassified position. I agree with the court of appeals' determination that ODJFS

14

never "appointed" Barley to an unclassified position when it assigned him additional duties that caused his position to be characterized as unclassified. This view comports with our precedent construing R.C. 124.11: *State ex rel. Glasstetter v. Rehab. Servs. Comm.*, 122 Ohio St.3d 432, 2009-Ohio-3507, 912 N.E.2d 89 (R.C. 124.11(D) did not apply, because employee was never appointed to an unclassified position, although she was redesignated as an unclassified employee); *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658 (employee was appointed to several unclassified positions and retained fallback rights).

{¶ 38} I would affirm the determination of the court of appeals that Barley could not establish his entitlement to the R.C. 124.11(D) right to fall back to his previous classified position as human-services hearing manager because he was not *appointed to an unclassified position* when he was assigned the additional duties that took his position out of the classified civil service.

—————————————

Walter J. Gerhardstein Jr., for appellant.

Michael DeWine, Attorney General, Joseph N. Rosenthal, Senior Assistant Attorney General, and Brandon R. Gibbs, Assistant Attorney General, for appellee the Ohio Department of Job and Family Services.

—————————————