Lanzinger, J.,
dissenting.
{¶ 34} I respectfully dissent and would adopt the reasoning of the court of appeals in denying the writ of mandamus. The majority now holds that a classified public employee who is given additional duties so that his position is recharacterized as unclassified has fallback rights under R.C. 124.11(D). The redesignation of status is not an appointment to a position as contemplated by the fallback statute.
{¶ 35} The court of appeals determined that Barley had never been “appointed” to the unclassified position and thus had no right under R.C. 124.11(D) to be reinstated to his previous classified position. R.C. 124.11 was amended effective March 30,1999, to include section (D), which provides:
An appointing authority * * * may appoint a person who holds a certified position in the classified service within the appointing authority’s agency to a position in the unclassified service within that agency. A person appointed pursuant to this division to a position in the unclassified service shall retain the right to resume the position and status held by the person in the classified service immediately prior to the person’s appointment to the position in the unclassified service, regardless of the number of positions the person held in the unclassified service.
(Emphases added.)
{¶ 36} Thus the statute speaks of an appointment to a position. Barley stated in his March 13, 2008 letter when he reasserted his fallback rights:
I am writing to re-assert my fallback rights, as provided by Ohio Rev.Code 124.11(D). Although I was never appointed to the unclassified civil service, and was always considered and treated as a classified *515 employee, I was removed as an unclassified employee during the Taft administration on March 6, 2006.
Walter J. Gerhardstein Jr., for appellant.
Michael DeWine, Attorney General, Joseph N. Rosenthal, Senior Assistant Attorney General, and Brandon R. Gibbs, Assistant Attorney General, for appellee Ohio Department of Job and Family Services.
(Emphasis added.)
{¶ 37} Barley himself recognizes that he was never appointed to an unclassified position. I agree with the court of appeals’ determination that ODJFS never “appointed” Barley to an unclassified position when it assigned him additional duties that caused his position to be characterized as unclassified. This view comports with our precedent construing R.C. 124.11: State ex rel. Glasstetter v. Rehab. Servs. Comm., 122 Ohio St.3d 432, 2009-Ohio-3507, 912 N.E.2d 89 (R.C. 124.11(D) did not apply, because employee was never appointed to an unclassified position, although she was redesignated as an unclassified employee); State ex rel. Asti v. Ohio Dept. of Youth Servs., 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658 (employee was appointed to several unclassified positions and retained fallback rights).
{¶ 38} I would affirm the determination of the court of appeals that Barley could not establish his entitlement to the R.C. 124.11(D) right to fall back to his previous classified position as human-services hearing manager because he was not appointed to an unclassified position when he was assigned the additional duties that took his position out of the classified civil service.